JOHNSON *vs.* THE STATE OF GEORGIA.

This court will not interfere to grant a new trial on the ground that a child seven years of age was permitted to testify, when the presiding judge, from examination and inspection of the child, was satisfied as to her intelligence to understand the nature of an oath, especially when there is abundant evidence to convict without the child's testimony.

Criminal law.   Witness.   Before Judge HALL.   Pike Superior Court.   October Term, 1877.

Johnson was indicted, tried and convicted for the offense of assault with intent to rape.   On the trial, the court permitted Mary L. Davis, the child on whom the assault was made, to testify, over defendant's objections, she appearing on examination to be only seven years of age.   This is the error now relied on.

SPEER & STEWART, for plaintiff in error, cited Code, §§3862, 4295, 3856, 3859; 24 *Ga.*, 423; 40 *Ib.*, 529; 11 *Ib.*, 275.

F. D. DISMUKE, solicitor general, by JAMES S. BOYNTON, for the state, cited 1 *Kelly*, 574; 11 *Ga.*, 331; 21 *Ib.*, 227; 14 *Ib.*, 145; 11 *Ib.*, 225.

JACKSON, Justice.

The single question pressed for adjudication here is, whether the court erred in permitting a child seven years old to be sworn. The attempt to commit the rape was upon her, and on her being examined before the judge, he ruled that she was competent. This ruling was excepted to. The Code, §3856, declares that children who do not understand the nature of an oath are incompetent. The judge in this case thought she did understand it. He saw her, looked at her, heard her talk, and concluded that she did understand its nature; we cannot say that he abused his discretion.

But the defendant insists that as she could not be punished for perjury by virtue of §4295 of the Code, being under ten years of age, therefore she could not be sworn as a witness. Conceding that such is the legal effect of §4295, that a child under ten could not be punished for crime, no matter how intelligent, which, however, we do not decide, the competency of the child as a witness does not depend upon her capacity to commit crime. Capacity to commit crime is one thing; competency to give testimony is another. It is not the punishment for perjury that must be in the apprehension of the witness when swearing, but the capacity to understand the nature of the oath—which means, perhaps, the degree of intelligence the child shows, so as to satisfy the court that she is impressed that she ought to tell the truth on such a solemn occasion rather than a lie. The judge thought she had that degree of intelligence, and we think his discretion was not abused to such an extent, at least, as to make it necessary to set aside the verdict, particularly as the evidence is amply sufficient to convict without her testimony.

Judgment affirmed.