COMMONWEALTH *vs.* CHARLES R. ROBINSON.

Middlesex.    January 27, 1896. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Allegation in Indictment — Admission — Testimony of Child under Six Years of Age — Evidence.*

Where the words " the said C. R." in the latter part of an indictment must necessarily refer to the C. R. R. mentioned in the earlier part of the indictment, a motion to quash the indictment on the ground that it does not set forth any offence of the said C. R. R. is rightly overruled.

If there is no manifest error in the decision of the presiding judge that a girl has sufficient intelligence and sufficient sense of the duty of telling the truth to enable her to testify at the trial of an indictment for an alleged assault upon her, she being five years and five months old at the time of the alleged assault, and a little over five years and nine months old at the time of the trial, it cannot be said, as matter of law, that her testimony should have been excluded ; and the fact that the child is too young to be convicted of perjury is not decisive against her competency.

If an indictment charges an assault as having been committed in E. on August 2, proof of an assault on August 1 or 3 would support this charge, and the admission of the defendant to a police officer who arrested him that he was not in E. on August 2, but was on August 1 and 3, is one step in such proof; and the omission to caution the defendant that anything said by him might be used as evidence against him does not render his admission as to the dates incompetent.

At the trial of an indictment for an alleged assault upon a child in E., the objection of the defendant that it was incompetent to show that, when accused by the police officer who arrested him of assaulting children in E., he denied his guilt, cannot avail, if, looking at the very general way in which the testimony of the officer was given in the bill of exceptions, and at the omission to make a specific objection to this particular part of the conversation, it does not seem reasonable to assume that this was received as an independent accusation of crime, which was denied, but rather that it came in merely as incidental to and explanatory of a conversation as to certain dates bearing on the time of the commission of the offence, and that no harm could have come to the defendant from it, but a benefit rather.

INDICTMENT, alleging that the defendant, on August 2, 1895, at Everett, " in and upon one Mabel Blanche Lovejoy did make an assault, and did then and there unlawfully, indecently, and against the will of her the said Mabel Blanche Lovejoy put and place the hands of him the said Charles Robinson upon and against the private parts of her the said Mabel Blanche Love-

joy, and other wrongs to the said Mabel Blanche Lovejoy then and there did."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment on the ground that it alleged that Charles R. Robinson did make an assault, and that later it alleged that he did put and place the hands of " him the said Charles Robinson upon and against," etc.   The motion was overruled by *Bishop*, J., and the defendant excepted.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.   The facts appear in the opinion.

*C. W. Rowley*, for the defendant.

*F. N. Wier*, District Attorney, for the Commonwealth.

ALLEN, J.   1. The words " the said Charles Robinson " in the latter part of the indictment must necessarily refer to the Charles R. Robinson who had been mentioned in the earlier part of the indictment; and the motion to quash was rightly overruled.

2. The law fixes no limit of age which children must have reached in order to be competent as witnesses ; and unless for manifest error we cannot revise the decision of the presiding justice that the little girl in this case had sufficient intelligence and sufficient sense of the duty of telling the truth to enable her to testify.   No such error appears in the present case, although there is a certain incongruity in administering an oath to one who cannot be convicted of perjury.   Nevertheless, the fact that the child was too young to be convicted of perjury is not decisive against her competency.   Of course, upon the bill of exceptions, we have not to consider how much weight might properly be given to her testimony.   She was a little over five years and five months old at the time of the alleged assault, and a little over five years and nine months old at the time of the trial.   In *Wheeler* v. *United States*, 159 U. S. 523, (a case which has come to our notice since the arguments,) a new trial was refused where a child, younger at the time of the occurrence and at the time of the trial, had been allowed to testify ; and in that case there had also been a longer interval between the time of the occurrence and the time of the trial.   That case is fully in point, and many recent decisions are cited.   See also *Commonwealth* v. *Lynes*, 142 Mass. 577 ; *McGuire* v. *People*, 44 Mich. 286 ; *Johnson* v. *State*, 61 Ga. 35.

3. The defendant further objects to the admission of the testimony of Hewitt, the officer. The substance of this testimony appears to have been that he arrested the defendant, and on the way to the police station the defendant told him that he was not in Everett on August 2, but was on August 1 and 3 ; that the defendant was at no time told that anything said by him might be used as evidence against him, and that, when accused by the witness of assaulting children in Everett, the defendant denied his guilt. The admission by the defendant that he was in Everett on August 1 and 3 was competent in support of the indictment. It is true that the indictment charged the assault as having been committed on August 2 ; but proof of an assault on August 1 or 3 would support this charge, and evidence of his having been in Everett on those days was one step in such proof.

The defendant also objects that it was incompetent to show that, when accused by the witness of assaulting children in Everett, the defendant denied his guilt, on the ground that such an accusation can only be shown when there is an express or implied admission by the defendant that the charge is true. From the connection in which the statement of this testimony appears, we should naturally infer that it was elicited in the cross-examination of the witness, in order to negative the idea of any admission of guilt by the defendant. If this view is incorrect, the statement seems to have been made as a part of the whole conversation to which Hewitt testified. He had arrested the defendant, and was taking him to the police station. It was his duty to tell the defendant the nature of the charge against him. Pub. Sts. c. 200, § 1. There is no suggestion that the officer had any personal knowledge of the facts, or that he assumed to have. The conversation turned chiefly upon the dates when the defendant was in Everett, and these were talked of with reference to the charge that he was there on August 2. The defendant denied that he was there on that day, and denied his guilt. Looking at the very general way in which the testimony of Hewitt is given in the bill of exceptions, and at the omission to make a specific objection to this particular part of the conversation, it does not seem reasonable to assume that this was received as an independent accusation of crime, which was denied. It appears rather that it came in merely as incidental

to and explanatory of the conversation as to the dates, and that no harm could have come to the defendant from it, but a benefit rather.

The omission to caution the defendant that anything said by him might be used as evidence against him does not render his admission as to the dates incompetent.  *Commonwealth* v. *Cuffee,* 108 Mass. 285.  *Commonwealth* v. *Preece,* 140 Mass. 276, 278.

*Exceptions overruled.*