REPUBLIC OF HAWAII *v.* AH WONG.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JUNE 16, 1896.          DECIDED NOVEMBER 25, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Chapter 32, Section 50, Laws of 1876, provides (among other tests) that the evidence of a minor, who is destitute of a knowledge of God and of any belief in religion or in a future state of rewards and punishments, shall not be received unless it shall be proved to the satisfaction of the court that such minor *perfectly understands the purpose for which his testimony is repuried.*

Held, that the court, in overlooking this clause and failing to question the minor (a native Hawaiian girl of 5 years of age) to ascertain her capacity in this respect, did not comply with this provision of the statute, and that the competency of the minor as a witness was not proven.

New trial granted.

OPINION OF THE COURT BY WHITING, J.

The defendant was indicted, tried and convicted of the crime of rape on a girl of the age of 5 years, in the First Circuit Court, November term, 1895, and the case is brought to us on defendant's bill of exceptions.

The principal exception is to the competency of the prosecuting witness, Aimoku, a girl of the age of five years.

The authorities in the United States and England have repeatedly sustained the competency of witnesses of five to seven years of age, and permitted them to make oath or affirm, although such witnesses could not be convicted of perjury, and

only in few instances has the discretion of the trial judge been reversed. A preliminary examination by the trial judge is necessary to ascertain the competency of the minor to give testimony.

There is no precise age within which children are excluded from testifying. Their competency is to be determined, not by their age, but by the degree of their knowledge and understanding. It is essential that they should possess sufficient intelligence to receive just impressions of the facts respecting which they are examined, sufficient capacity to relate them correctly, and sufficient instruction to appreciate the nature and obligation of an oath.

> *People v. Bernal,* 10 Cal. 66.
> *State of Virginia v. Mitchell,* 19 Lawy. Rep. Ann. 605, and notes.

The competency of a child of five years of age as a witness does not depend upon his years, but upon the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence, as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review unless, from that which is preserved, it is clear that it was erroneous. These rules have been settled by many decisions, and there seems to be no dissent among the recent authorities.

> *Wheeler v. U. S.,* 159 U. S. 525, and cases cited.
> *Com. v. Robinson* (Mass. 1896), 43 N. E. 121.

But, however, our statutes have provided the authority for receiving the evidence of minors, and the tests necessary to be applied to ascertain their competency.

> Chapter 32, Laws of 1876, Section 50 (Comp. Laws p. 375).

"On the trial of any issue joined, or of any matter or question, or any enquiry arising in any suit, action or proceeding in any court, or before any person having by law or by consent of parties, authority to hear, receive and examine evidence, it shall be lawful for such court or person to receive the evidence of any minor, notwithstanding he may be destitute of the knowledge of God and of any belief in religion or in any future state of rewards and punishments. Provided always, that the evidence of such minor shall be given upon his affirmation or declaration to tell the truth, the whole truth, and nothing but the truth, or in such other form as may be approved of and allowed by such court or person *as first aforesaid and after he shall have been cautioned by such court or person* that he will incur and will be liable to punishment if he do not tell the truth. Provided also, that no such evidence shall in any case be received unless it shall be proved to the satisfaction of such court or such person that such minor perfectly understands the nature and object of such declaration or affirmation aforesaid, and the purpose for which his testimony is required."

(Our attention has been called by Mr. Justice Frear to the omission in the statute (Sec. 50) as printed in the Comp. Laws, p. 375, of the following words: *"as first aforesaid and after he shall have been cautioned by such court or person,"* the same being italicised in the above quotation from Chap. 32, Sec. 50, Laws of 1876, to which chapter and section, in the future, reference should be specially made to avoid error and misconception.)

The trial judge through the court interpreter had a preliminary examination of the young witness, the transcript of which is as follows:

Preliminary examination of Aimoku (a native Hawaiian girl of five years of age) by the court—

Q. Aimoku, where do you live?
A. In Kamanuwai.
Q. Where is your mother?

A.   Out there.

Q.   Have you any father?

A.   Yes, sir.

Q.   Where is he?

A.   He has gone to Maui.

Q.   Do you ever go to church?

A.   No.

Q.   Does your mother ever go to church?

A.   No.

Q.   Do you know whether your father goes to church or not?

A.   No.

Q.   Do you know where Kaumakapili Church is?

A.   Yes, sir.

Q.   Do you know where Kawaiahao Church is?

A.   Yes, sir.

Q.   Where is Kawaiahao Church?

A.   It is near our place.

Q.   Where is the Kaumakapili Church?

A.   Our place where we live is in back and Kaumakapili Church is outside our place.

Q.   Do you think it is wrong to tell a lie?

A.   It is not good.

Q.   Not good to tell a lie?

A.   Not good.

Q.   Do you think that you shall always tell the truth or not?

A.   Yes, sir.

Q.   If you should tell a lie what do you think would happen to you?

A.   I don't know.

Q.   Did you ever hear of God?

A.   Yes, sir.

Q.   Do you know whether or not he loves little children who tell a lie?

A.   No.

Q.   Do you know what he would do with them?

A.   No.

Q.  Do you think he would love little children that didn't tell the truth?

A.  Aole makemake.

Q.  If you were taken as a witness in this case, would you understand that you must tell the truth?

A.  Yes, sir.

Mr. Robertson—I think it must be shown that the witness fully understands the nature and object of an oath; she has not done so yet.

Q.  Do you know when you come here whether or not you hold up your hand and say that you will tell the truth?

A.  Yes, sir.

The Court—I shall allow the witness to be sworn.

Mr. Robertson—I object to the witness being sworn in the case, because it is not shown that the witness understands the nature or object of an oath nor *the purpose for which she is put on the witness stand.*

Objection overruled. Exception.

The witness was sworn in the usual form of oath.

I am of opinion that in this case no oath ought to have been administered, for in any case, in order that an oath or affirmation may be efficient for the purpose, that is, binding on the conscience of the witness, it is necessary that such witness should at least have some appreciation of its nature and obligation, and such cannot be said of the witness Aimoku.

Our statute specially provides that in these cases no such evidence shall in any case be received unless it shall be proved to the satisfaction of such court or such person that such minor perfectly understands the nature and object of such declaration or affirmation, and the purpose for which his testimony is required.

The trial judge apparently overlooked the last clause of this law, viz., perfectly understands  *  *  *  *  *the purpose for which his testimony is required,"* for I do not find from the statement of the preliminary examination of the witness

that there was any compliance with this requisite of the statute.

On this ground the exceptions are sustained and a new trial ordered. The other exceptions are not necessary to be considered.

*Attorney-General W. O. Smith,* for prosecution.

*A. G. M. Robertson,* for defendant.

### CONCURRING OPINION OF FREAR, J.

I concur in the foregoing conclusion, though with much hesitation. Considering the extreme youth of the witness and the very important part her testimony played in the case, the gravity of the offense with which the accused was charged (the penalty being death or imprisonment for life), and the strenuous objections of counsel, as well as the express requirements of our statute and the decisions of courts elsewhere, liberal as they are in admitting testimony under somewhat similar circumstances, it seems to me that the trial judge did not sufficiently comply with the provisions of the statute regarding the minor's understanding of the nature and obligation of the oath that was administered and the purpose for which her testimony was required.

### DISSENTING OPINION OF CHIEF JUSTICE JUDD.

I respectfully dissent. It seems to me that the trial court in examining a minor as to his competency to testify is not bound to formally put questions to a minor offered as a witness to which affirmative replies must be made that he "perfectly understands the nature and object of his declaration" (that he will tell the truth, &c.), "and the purpose for which his testimony is required." If from the demeanor of the minor, his general intelligence—not his school education—and his sincerity, 'as shown by his answers to the questions put to him, the examining court is satisfied that he is competent, the statute would be complied with, even though he was unable to define the "nature and object" of his declaration, and "the purpose for which his testimony is required."

In the particular case before us, the child Aimoku had been examined presumably by the prosecution before the examination in the committing court, and again before that court, and this is an important circumstance taken with her answers and demeanor, and satisfied the court that she understood the purpose for which her testimony was required, which means that she was to tell all she knew of what the defendant had done to her, in order that the court and jury might know the truth. This is what the statute means. The statute does not require that a child of tender years shall be able to state the ingredients of the indictment, or the law alleged to be violated, or to say that the object of her testimony was to convict the accused or to vindicate the law—or, if called for the defense, that the object was to exculpate the defendant. Many adults would not be competent witnesses if the statute required such tests to be applied.

The witness Aimoku substantially complied with the statute when she answered "yes" to the question, "If you were taken as a witness in this case would you understand that you would tell the truth?" and Keala also when she answered "yes" to the question, "If you are sworn here to tell the truth, would you tell the truth?"

In the case before us the presiding judge and the jury were satisfied with the competency of the principal witnesses, Aimoku and Keala, both minors under seven years of age, and made due allowance for their extreme youth, their previous surroundings, and I find nothing in their recorded testimony which would show them to be incompetent and unworthy of credit, or that their admission to testify was a gross abuse of discretion. The *corpus delicti* was proved to the satisfaction of the jury by independent testimony, and we are averse to setting aside the verdict arrived at by honest jurors where no error is manifest, though some might be better satisfied if the preliminary examination of the infant witnesses had been more full.

I do not touch upon the other matters of exception, as it is not necessary, a new trial having been ordered.