COMMONWEALTH vs. WALTER RAMAGE.

Suffolk.    November 20, 1900. — January 2, 1901.

Present : HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In a trial for indecent assault a child six years old was allowed to testify as a wit-
ness.   The examination on the *voir dire* disclosed no unusual mental condition.
*Held*, that it was within the discretion of the presiding judge to determine
whether the child was competent to testify.

INDICTMENT, for an indecent assault on a child on June 23,
1900.                                                                      :

At the trial in the Superior Court, before *Sheldon*, J., on July
11 and 12, 1900, it appeared, that the child, Helen C. Tuttle,
was six years of age in March, 1900.   She was offered as a
witness, and the defendant objected to the reception of her
testimony.   At the request of the defendant, the witness was
examined *voir dire* by the judge in the absence of the jury, and
against the objection of the defendant the judge ruled that she
was competent to testify and allowed her to do so.   The ex-
amination upon the *voir dire* was reported in the bill of excep-
tions and disclosed no unusual mental condition.

The jury returned a verdict of guilty ; and the defendant al-
leged exceptions.

*M. W. Brick*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the
Commonwealth.

KNOWLTON, J.   The only question in this case is whether
the judge was bound to exclude the testimony of the witness
Helen C. Tuttle, on the ground that she was incompetent to
testify by reason of infancy.

In the opinion in *Commonwealth* v. *Robinson*, 165 Mass. 426,
we find the following language: " The law fixes no limit of age
which children must have reached in order to be competent as
witnesses; and unless for manifest error we cannot revise the
decision of the presiding justice that the little girl in this case
had sufficient intelligence and sufficient sense of the duty of
telling the truth to enable her to testify.   No such error appears

in the present case, although there is a certain incongruity in administering an oath to one who cannot be convicted of perjury. Nevertheless, the fact that the child was too young to be convicted of perjury is not decisive against her competency." The girl who was permitted to testify in that case was younger than the witness in this case, and the decision covers the question now before us.

In *Commonwealth* v. *Reagan*, 175 Mass. 335, it was decided that the presiding justice must in the first instance determine whether a child is competent to testify. In *Wheeler* v. *United States*, 159 U. S. 523, a child younger than this witness was permitted to testify, and it was held that there was no error in admitting the evidence.

*Exceptions overruled.*