NETTIE CLARK, for use of School Fund of Boone County, Iowa, v. R. L. FINNEGAN and ARTHUR FINNEGAN, Appellants.

A child as a witness: STATUTE: COMPETENCY. A child of sufficient age and intelligence to comprehend the nature of an oath, receive correct impressions from his surroundings and to re-

member clearly and narrate transactions, is a competent wit‑
ness, under Code, section 4601.

*Appeal from Boone District Court.*— HON. W. D. EVANS,
Judge.

WEDNESDAY, JUNE 14, 1905.

SUIT to recover a penalty for the sale of liquor to a
minor.  Verdict and judgment for the plaintiff.  The de‑
fendants appeal.— *Affirmed.*

*Dyer & Hull,* for appellants.

*Harpel & Cederquist,* for appellee.

SHERWIN, C. J. — The single question for determina‑
tion in this case is whether Joseph Clark, a boy seven years of
age, was a competent witness against the defendants.  He
was sworn, and stated to the court that he understood that
he was to tell the truth, whereupon his testimony was received
without objection.  There is no particular age at which a
child becomes competent as a witness.  The statute fixes no
age, and requires only that the witness have sufficient ca‑
pacity to understand the obligation of an oath.  Code, section
4601.  A child of sufficient maturity and intelligence to
receive correct impressions from its surroundings, and to
remember and correctly narrate transactions, is a competent
witness, if he also comprehend the meaning and obligation
of an oath.  *State v. King,* 117 Iowa, 484; *State v. Todd,*
110 Iowa, 632; *People v. Bernal,* 10 Cal. 66.  If a child
has the necessary intelligence and appreciates the moral
duty to tell the truth, he need not fully understand the nature
of an oath, or have any particular religious belief or train‑
ing to qualify him as a witness.  *State v. King, supra;* 2
Elliott on Evidence, 766.  The testimony of children only
five or six years of age has been held competent.  *State v.
Juneau,* 88 Wis. 180 (59 N. W. 580, 24 L. R. A. 857, 43

Am. St. Rep. 877); *Wheeler v. United States,* 159 U. S. 523 (16 Sup. Ct. 93, 40 L. Ed. 244); *Commonwealth v. Robinson,* 165 Mass. 426 (43 N. E. 121); *Williams v. United States,* 22 Wash. Law. Rep. 457; *McGuire v. People,* 44 Mich. 286 (6 N. W. 669, 38 Am. Rep. 265); *Johnson v. State,* 61 Ga. 35.

The examination and testimony of the witness in this case showed that he was of more than average intelligence, and that he understood the difference between truth and false-hood, and we think he was a competent witness. The judgment is therefore *affirmed.*