135  507
138  507

STATE OF IOWA v. FRITZ MEYER, Appellant.

**Witnesses:** COMPETENCY OF CHILD. A child of tender years who understands that it is wrong to tell a falsehood and appreciates the nature of an oath is qualified to testify, although unable to define the words "oath" and "testimony." Evidence held to show competency.

**Same.** To render a child competent to testify it is not necessary to show an understanding that there is a greater obligation to speak the truth on the witness stand than elsewhere.

**Same:** DISCRETION OF COURT. The court is to pass upon the capacity of a witness to testify and its discretion in the matter will not be disturbed unless abused.

**Venue:** SUFFICIENCY OF PROOF. Venue may be established like any other fact and wherever a fair inference may be deduced from the evidence, or the proven circumstances are that the transaction in issue occured within the county, the finding of the jury that it did occur there will not be disturbed.

*Appeal from O'Brien District Court.*— HON. F. R. GAYNOR, Judge.

TUESDAY, OCTOBER 15, 1907.

THE defendant was convicted of assault with intent to commit rape, and appeals.— *Affirmed.*

*W. H. Downing* and *O. H. Montzheimer,* for appellant.

*H. W. Byers,* Attorney-General and *Charles W. Lyon,* Assistant Attorney-General, for the State.

LADD, J.— I. The child upon whom the assault is alleged to have been committed was but six years old. She was allowed to testify, and of this ruling and one other the defendant complains. On *voir dire* she testified to her age, with whom and where she lived, and in answer to questions, as follows:

1. WITNESSES: competency of child.

Q. Do you know what it is to tell a lie? A. Yes. Q. Is it right to tell a lie? A. It ain't. Q. Do you think you would be punished if you told a lie? A. Yes. Q. Did any one ever tell you it is not nice to tell a lie? A. No. Q. Nobody told you that? A. No. Q. So you don't know? A. No. Q. Do you know what it is to come here and tell what you know about this case? A. I don't know. . . . Can you tell me what an oath means? A. I don't know what that means. . . . Q. You know what it is to tell a lie? A. No. Q. You know what it is to tell the truth? A. Yes. Q. Is it right to tell the truth? A. Yes. Q. What would be done to you if you told a lie here to-day? A. I would be punished. Q. Who told you that? A. Mr. Locke. Q. All you know about it is what he told you, is it? A. Yes. Q. You can't tell what the word 'testimony' means? A. No. . . . Q. Has your mamma talked to you about telling the truth and telling a lie? A. She told me it was a bad thing to tell a lie, and it was a good thing to tell the truth. Q. When you hold up your hand that way, does that mean that you shall tell the truth? A. Yes. Q. If I would hold up my hand and tell you to hold up your hand, and you would swear to tell the truth, do you think it would be right for you to tell anything but the truth. After that what would you have to do if you held up your hand this way and I swore you, what would you have to do, would you have to tell the truth? A. Yes. I would have to tell the truth. Q. You couldn't tell a lie, then? A. No. Q. You understand that is the obligation of an oath when you hold up your hand you will then tell the truth? A. Yes. Q. And, if I did that, you will tell nothing but the truth? A. Yes.

This was followed by an intelligent account of the transaction. It is apparent from what we have set out that the judge did not abuse his discretion in holding that the child, though of tender years, had " sufficient capacity to understand the obligation of an oath." She may have been unable to define the words " oath " and " testimony," but this was not determinative of her capacity. If, without being familiar with the use of such words, she had an adequate sense of the impropriety of falsehood, she understood

the nature of an oath, even though not able to state what those words meant. *Williams v. U. S.,* 3 App. D. C. 335; *Click v. State* (Tex. Cr. R.), 66 S. W. 1104; *Minton v. State,* 99 Ga. 254 (25 S. E. 626); *Scroggins v. State,* 30 Tex. App. 92 (5 S. W. 232); *State v. Goldman,* 65 N. J. Law, 394 (47 Atl. 641). Her answers indicated an intelligence sufficient to satisfy the court that she was impressed that she ought to tell the truth upon such a solemn occasion rather than to-tell a lie. In other words, she was sensible of the wickedness of telling a falsehood, and comprehended the danger of not telling the truth; and this, under the authorities generally and our statute, qualified her to speak as a witness. Wharton, Evidence, section 398; 4 Blackstone's Commentaries, 214. *State v. Blythe,* 20 Utah, 378 (58 Pac. 1108).

Appellant argues that, to render her competent to testify, it should have appeared that she understood the obligation to speak the truth on the witness stand was greater than at other places. The statute exacts no more than the capacity stated, and reliance must be had upon the solemnity of the proceedings and the administration of the oath to impress the witness with the difference alluded to. A child cannot well be expected to appreciate fully the significance of testimony, and because of this and their immunity from punishment for perjury the reception of testimony by children of tender years after suitable caution to tell the truth without the administration of an oath has been frequently suggested. 1 Wigmore, Evidence, section 509; *Hughes v. Railway,* 65 Mich. 10, (31 N. W. 605).

2. SAME.

As the law stands, the judge is to pass upon the capacity of the witness to testify, and, save upon a clear abuse of discretion, his decision will not be disturbed on 'appeal. *State v. King,* 117 Iowa, 487. It is not unusual to receive the testimony of children under nine years of age, sometimes under

3. SAME.
   discretion
   of court.

seven, if they appear of sufficient understanding, and it has been admitted of a child even at the age of five years. Greenleaf, Evidence (14th Ed.), section 367. *State v. Nelson,* 132 Mo. 184 (33 S. W. 809).

Among the cases approving rulings by which the testimony of very young children has been received may be cited *Commonwealth v. Robinson,* 165 Mass. 426 (43 N. E. 121), where the child was a little over five years and five months old at the time of the assault, and but four months older when the trial occurred. In *Wheeler v. U. S.,* 159 U. S. 523 (16 Sup. Ct. 93, 40 L. Ed. 244), a boy under five years and six months was held to possess sufficient intelligence to testify. In *Rex v. Braisier,* 1 Leach (C. C.), 199, the question was submitted to the twelve judges, and their opinion was unanimous that an infant under the age of seven years might be sworn in a criminal case if shown upon examination to possess sufficient knowledge of the nature and consequences of an oath. In *Scroggins v. State* (Tex. Cr. R.), 51 S. W. 232, a girl six years was held competent to testify, although she did not understand what she did when she held up her hand, but knew it was right to tell the truth and wrong to tell a lie, and that people who tell lies are put in jail. See, also *McGuire v. People,* 44 Mich. 286 (6 N. W. 669, 38 Am. Rep. 265), *Commonwealth v. Ramage,* 177 Mass. 349 (58 N. E. 1078) ; *Shannon v. Swanson,* 208 Ill. 52 (69 N. E. 869) ; *People v. Swist,* 136 Cal. 520 (69 Pac. 223) ; *State v. Blythe,* 20 Utah, 378 (58 Pac. 1108). The above decisions strongly support our conclusion which is not inconsistent with the rulings in *State v. Michael,* 37 W. Va. 569 (16 S. E. 803, 19 L. R. A. 605) ; *Donelly v. Terr.* (Ariz.), 52 Pac. 368; *Hughes v. Railway,* 65 Mich. 10 (31 N. W. 605) ; *Gains v. State,* 99 Ga. 703 (26 S. E. 760) ; *Holst v. State,* 23 Tex. App. 1 (3 S. W. 757, 59 Am. Rep. 770), and *Carter v. State,* 63 Ala. 52 (35 Am. Rep. 4), where children of tender years, owing to lack of comprehension, were held to be incompetent to testify. There

may be some danger of the child being influenced by others·
to prevaricate, but such danger is fairly guarded against
by the inability of one so inexperienced to keep up and
sustain a false story throughout the various questions of a
trial.   To exclude their testimony would deprive them of
the adequate protection of the law, for in cases wherein
assault is charged conviction is ordinarily impossible with-
out the aid of their evidence.   We think it may be safely
received, and that the ruling of the trial court was correct.

II.   Appellant urges that the venue was not sufficiently
proven.   The child lived with her parents, and her father
testified that he was a farmer, that Sheldon was his resi-
dence, and that he resided in Carroll town-
ship and had for twenty-two years, and,
farther, that the transaction complained of
occurred at his home.   This was all the evidence tending
to show where the crime had been committed.   It was
enough to sustain the jury's finding that the place was in
O'Brien county.   The court will take judicial notice that
the city of Sheldon is in that county.   *State v. Reader,* 60
Iowa, 527.   The witness testified that his residence was
there, and the jury might have so found.   Moreover, the
witness was testifying in O'Brien county, and it is fairly
to be inferred that in mentioning Carroll township in con-
nection with the city of Sheldon he had reference to the
township of that name in the county in which the case was
pending.   The fact of venue may be established like any
other fact, and, where the fair inference from the evidence
adduced or the circumstances proven is that the transaction
in issue occurred within the county, the finding of the jury
cannot be disturbed on appeal.   *Beavers v. State,* 58 Ind.
530; *People v. Manning,* 48 Cal. 335.

The court did not err in either of the respects com-
plained of; and the judgment is *affirmed.*

4. VENUE.
sufficiency
of proof.