## TERRITORY *v.* JOHN SILVA.

## No. 1389.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. F. ANDRADE, JUDGE.

SUBMITTED OCTOBER 12, 1922.        DECIDED NOVEMBER 2, 1922.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CRIMINAL LAW—*indecent assault—indictment—proof—intent.*

> In an indictment for indecent assault under section 3897, R. L. 1915, it is not necessary to allege or prove that the offense was committed "without committing or intending to commit the crime of rape."

EVIDENCE—*minors—affirmation—declaration.*

> The court, before allowing a minor witness to testify, having stated to the witness, by way of caution: "These things that you are going to tell me about and that you are going to tell the jury about the defendant, this man over here, all of those things you will tell the truth about?" to which the witness answered "yes," substantially complied with the requirements of section 2611, R. L. 1915, relating to affirmations and declarations of minor witnesses.

OPINION OF THE COURT BY LINDSAY, J.

Plaintiff in error was indicted for the crime of indecent assault upon a female child under the age of twelve years, contrary to section 3897, R. L. 1915, which provides that "Whoever takes indecent and improper liberties with the person of a female child under the age of twelve years without committing or intending to commit the crime of rape shall be deemed guilty of indecent assault * * * ."

Defendant demurred on the ground that the indictment charged no proper offense under the laws of this Territory because (a) the words "without committing or intending to commit the crime of rape" were omitted from the in-

dictment; and (b) because the words "with the person of a female child," contained in section 3897, R. L. 1915, mean "with the private parts of a female child," and it is not alleged in the indictment that defendant took indecent and improper liberties with the "private parts" of the complaining witness. The demurrer was overruled and upon trial by jury the defendant was convicted.

One of the errors relied on is the overruling of the demurrer by the trial judge. The other errors go to the refusal by the trial court to direct a verdict of acquittal on the ground that there was no such crime as that alleged in the indictment; the giving by the court of certain instructions requested by the prosecution; the refusal of the court to give certain instructions requested by the defendant; the permitting of the mother of the complaining witness to sit beside complaining witness while she was testifying; the permitting of the registrar of births of the board of health to testify as to the date of the birth of the complaining witness; the permitting of Arthur McDuffie to testify with reference to an alleged confession by defendant prior to proof of the *corpus delicti;* and the permitting of the complaining witness to testify without oath or affirmation as provided by section 2611, R. L. 1915.

The contention of the plaintiff in error that the word "person," as set forth in section 3897, means "private parts" is frivolous. A sufficient answer to this contention is that had the legislature intended the word "person" to mean any particular part of the human body it would have said so. The trial court committed no error in overruling the demurrer on that ground.

In an indictment charging the crime of indecent assault under section 3897, R. L. 1915, it is not necessary to allege or prove that the assault was committed without committing or intending to commit the crime of rape. That question was fully discussed and passed upon by this court

in *Territory* v. *Tan Yick*, 22 Haw. 773, and the trial court committed no error in overruling the demurrer on that ground or in refusing to instruct the jury to acquit defendant.

We are unable from the record to say that the trial court erred in permitting the mother of complaining witness to sit beside her while she testified. The complaining witness was a little Chinese girl of about seven years of age, in a court room probably for the first time, surrounded by strange men and about to be interrogated on delicate matters. Having her mother with her would help to calm her fears and restore her self-confidence, and it was well within the province of the court to allow the little witness the encouragement of her mother's presence. Furthermore, as admitted by counsel for defendant at the time, the matter was vested entirely in the sound discretion of the trial court and no abuse of that discretion appears.

Mary Hester Lemmon, registrar general for the Territory, was sworn as a witness for the prosecution, and testified, under objection by defendant's counsel, that in the register of births of the City and County of Honolulu is recorded the birth of a child named Minnie Le Yin Heu, born April 28, 1915. The admission of this evidence is assigned as error, the only contention made by plaintiff in error in this respect being that there is nothing in the evidence of this witness to indicate that the Minnie Le Yin Heu, alluded to in the register of births, is the complaining witness. It was alleged in the indictment that Minnie Heu was under the age of twelve years and it was necessary that proof of that fact be made. That the official register of births contained an entry indicating the birth and age of a female child of a name similar to that of the complaining witness, while not conclusive, was at least some evidence of the fact alleged, and was therefore

admissible. The admission of this evidence constitutes no error.

It appears that after the complaining witness was called, but before her testimony was taken, upon the request of the prosecution she was withdrawn, and Arthur McDuffie, captain of detectives of Honolulu, was called as a witness for the prosecution, and who, against the objection of defendant's counsel that the *corpus delicti* had not been proved, was allowed to testify concerning a confession alleged to have been made by defendant. The confession in question was later received in evidence. The admission of the confession itself has not been specifically assigned as error, the error complained of being the allowing of the witness McDuffie to testify in regard to the confession prior to proof of the *corpus delicti*. The testimony of McDuffie was to the effect that the signature of "John Silva," attached to the alleged confession, was the signature of defendant made in the presence of witness. Error not having been assigned to the admission of the confession itself, it might perhaps be said that the mere allowing of the witness to identify the document which was later received in evidence as a confession did not constitute error. But assuming that the real intent of this assigned error is that the court erred in admitting the confession itself before proof of the *corpus delicti,* we are of the opinion that no error which would warrant reversal has been committed. Ordinarily, in the trial of criminal cases, proof of the *corpus delicti* is first made before other evidence is received, but this rule is not absolute and the matter rests in the sound discretion of the trial court.

"But while the corpus delicti is ordinarily the first proof to which the evidence should be directed, the order of proof is within the discretion of the trial court, and unless it clearly appears that the defendant has been prejudiced by the manner in which that discretion has

been exercised, this will not justify a reversal of the judgment." 7 R. C. L. 778.

From the transcript it appears that the official duties of the witness McDuffie required his presence at Schofield Barracks, some twenty miles from town, and on this being called to the attention of the court, the trial judge permitted the witness to be called out of the logical order, the prosecuting officer stating that if he failed later to prove the *corpus delicti* he would consent to a directed verdict of acquittal. After the testimony of McDuffie and the receipt in evidence of the confession, the *corpus delicti* was duly proved and it in no manner appears that, by reason of the receiving of the evidence in the order stated, the defendant has been prejudiced.

"The natural order of proof would have postponed the introduction of such evidence until the *corpus delicti* had been proven. Yet, as proof was thereafter introduced showing that defendant sold the bonds in Honolulu, receiving something more than $1800 for them, the order in which the said declarations were proven becomes immaterial, and defendant was not prejudiced thereby." *Territory* v. *Armstrong,* 22 Haw. 526, 531.

Errors are assigned for the trial court's permitting the complaining witness to testify without oath or affirmation and for the court's giving the prosecution's requested instruction No. 3, which reads: "I instruct you, gentlemen of the jury, that in this Territory a child of tender years is entitled to testify as a witness in any proceeding although unable to understand the nature of the oath if it be first shown to the satisfaction of the court that the witness 'understood the purpose for which her testimony was required which means that she was to tell all she knew of what defendant had done to her in order that the court and jury might know the truth.'" The transcript discloses that the court did not administer an oath to the complaining witness neither was her evidence given upon

her "affirmation or declaration to tell the truth, the whole truth, and nothing but the truth," but it does appear that the trial judge conducted a somewhat lengthy examination as to the competency of the witness to testify, during which the witness said that if she did not tell the truth she would go to jail, and the trial judge, being satisfied that she was competent under section 2611, R. L. 1915, permitted her to give evidence, first, however, by way of caution, saying to the witness: "These things that you are going to tell me about and that you are going to tell the jury about the defendant, this man over here, all of those things you will tell the truth about?" to which the witness answered, "yes."

Section 2611, R. L. 1915, does not require that an oath be administered to minors nor does it restrict the receiving of the evidence of minors to those who make a formal affirmation or declaration to "tell the truth, the whole truth and nothing but the truth," but that section distinctly provides that the declaration may be "in such other form as may be approved of and allowed by such court." The statement made by the court to the witness immediately preceding her testimony, coupled with her answer "yes" thereto, was a substantial compliance with the statute. The court committed no error in giving the jury the instruction complained of for that instruction substantially states the law applicable to the taking of the evidence of minors.

The trial judge having defined the crime of indecent assault in the exact language of the statute, except that he did not state to the jury the punishment that might be imposed upon one convicted of that offense, there was no error in refusing to give the identical instruction, with the punishment clause added, as requested by defendant. What the punishment shall be in such a case is the province of the court and not of the jury.

The judgment of the circuit court is affirmed.

*C. K. Quinn* for plaintiff in error.

*H. K. Ashford,* Third Deputy City and County Attorney, for defendant in error.