# TERRITORY OF HAWAII *v.* JACQUES LOPEZ PATTERSON.

## No. 2665.

SUBMITTED SEPTEMBER 30, 1948.            DECIDED OCTOBER 16, 1948.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE CORBETT IN PLACE OF PETERS, J., ABSENT.

The plaintiff in error, Jacques Lopez Patterson (herein referred to as defendant), and one Peter Joseph Bonci were indicted, tried and convicted on an indictment which charged in substance that they unlawfully, fraudulently and feloniously did take, accept, detain, keep, conceal and dispose of various particularly described pieces of jewelry and precious stones of the aggregate value of $22,600, the same being the goods, chattels and property of Mrs. Alma Bacigalupi and that, when they so unlawfully and fraudulently took, accepted, detained, kept, concealed and disposed of said goods and property, they well knew that the same had been so, as aforesaid, unlawfully and fraudulently stolen.

The defendant Patterson brings the case here on writ of error. His assigned errors IV, V and VI have been abandoned. The defendant sets out and relies upon what he terms "specification of assigned errors" as follows:

"No. I. That the Court erred in admitting in evidence statements alleged to have been made by defendant appellant, the same not having been voluntarily made;

"No. II. That the Court erred in admitting said statements in evidence, they not having been identified by the clerk who took down the same in shorthand and transcribed them;

"No. III. That the Court erred in permitting the appellant to be questioned as to the nature of offenses of which he admitted he had been convicted;

"Nos. VII. and IX. That the Court erred in refusing to direct a verdict of not guilty and in adjudging the appellant guilty and in passing sentence on him, for that the evidence failed to establish beyond a reasonable doubt that appellant knowingly received the goods alleged in the indictment to have been stolen;

"Nos. VIII. and X. That the Court erred in refusing to direct a verdict of not guilty and in adjudging the

appellant guilty and in passing sentence on him, for that the proof failed to establish venue."

Specifications of error I and II each assert that it was error to admit in evidence a written signed statement of the defendant; number I on the ground that the statement was not voluntarily made, and number II on the ground that the statement was not identified by the clerk who took it down in shorthand and typed it.

Neither ground is well taken. The defendant's statement was made in response to questions propounded to him by a detective who participated in his arrest.

Our statute provides, *inter alia,* that "No confession shall be received in evidence unless it shall first be made to appear to the judge before whom the case is being tried that such confession was in fact voluntarily made * * * ." R. L. H. 1945, § 9846.

The detective gave testimony which, if true, established that the statement was in fact voluntarily made. The defendant, who testified in his own behalf, did not dispute any statement of the detective except the detective's denial that he threatened to involve the defendant's girl friend in the case unless he confessed.

The judge apparently did not believe the defendant's testimony to the effect that such a threat was made. There was ample evidence to sustain the conclusion of the judge that the statement was voluntarily made.

The undisputed evidence is that a police clerk took down the questions and defendant's answers thereto in shorthand and thereafter typed them. The defendant read the typed statement, made certain corrections or changes in it, initialed each page, and signed it at the end. The defendant testified at length as to the making of the statement but failed to point out any inaccuracy in the typed statement admitted in evidence.

We have already found that there was ample evidence

to sustain the conclusion of the judge that the statement was voluntarily made. We now find that there was ample evidence identifying the typed statement without calling in the clerk who took it down in shorthand and transcribed it. It was not therefore error to admit said statement in evidence. (*Territory* v. *Alcosiba,* 36 Haw. 231.)

Specification of error number III presents nothing which we can properly consider.

Section 9564, Revised Laws of Hawaii 1945, provides, *inter alia,* that "no * * * sentence shall be reversed or modified * * * for any alleged error in the admission or rejection of evidence * * * unless such alleged error was made the subject of an exception noted at the time it was committed." The defendant claims that·the court erred when it permitted him to be questioned on cross-examination as to the nature of the offenses of which he admitted he had been convicted. The alleged error was not at any time made the subject of an exception. We are therefore prohibited by statute from considering the alleged error.

Specifications of error VII and IX present the question of whether the evidence was sufficient to establish that the defendant knew the goods, which he admittedly received and disposed of, were stolen. He claims that he did not know they were stolen until after he was arrested.

In his statement, which we have found was properly admitted in evidence, the defendant admitted that the thief and his codefendant told him the jewelry was stolen:

"Q You said that Pete and Gunner came to your house on Tuesday night. Is that this last Tuesday?

"A Yeah.

"Q How were they carrying this jewelry?

"A In their pocket.

"Q Where did they get the jewelry from?

"A I don't know.

"Q Did you know it was stolen?

"A   I asked them and they said Yeah it was."

Captain Kennedy of the police force, who questioned the defendant, testified that the defendant "admitted that he knew that this jewelry was stolen property, as both Bonici [his codefendant] and Hegeman [the thief] informed him of such." This would seem to be sufficient to establish the guilty knowledge of the defendant. In addition, however, the record is replete with circumstances tending to establish his guilty knowledge.

Specifications of error VIII and X present the question of whether the proof established venue. The pertinent statutory provision follows:

"Whosoever shall receive any chattel, money, valuable security, or other property whatsoever, knowing the same to have been feloniously or unlawfully stolen, taken, obtained, converted, or disposed of, may * * * be dealt with, indicted, tried and punished in any jurisdiction in which he shall have or shall have had any such property in his possession, or in any jurisdiction in which the party guilty of the principal offense may by law be tried * * * ." R. L. H. 1945, § 11552.

The testimony of the complaining witness and of the thief clearly established the commission of the crime of burglary and the theft of the property within the City and County of Honolulu, and the record is replete with evidence that the defendant had possession of said stolen jewelry and disposed of it within the city of Honolulu. We know judicially that the city of Honolulu is within the territorial jurisdiction of the circuit court in which he was tried.

Finding no error, the judgment and sentence are affirmed.

*O. P. Soares* for plaintiff in error.

*A. R. Hawkins,* Assistant Public Prosecutor, for defendant in error.