## TERRITORY OF HAWAII *v.* PASTOR ALBERT SABADO.

### No. 2725.

Submitted April 19, 1950.                    Decided April 20, 1950.

Kemp, C. J., Le Baron and Towse, JJ.

OPINION OF THE COURT BY LE BARON, J.

On information, the defendant was charged and convicted by a jury of the crime of contributing to the delinquency of a minor. At his trial he neither took the stand nor presented any evidence in defense. He appealed by way of writ of error.

In the opening brief the defendant by his counsel abandons four of his eight assignments of error and relies on the remaining four. The alleged errors thereof challenge the competency of two minors, aged eighteen and fourteen, respectively, to testify against the defendant, the admissibility of two confessions of the defendant and the adjudging of him to be guilty. Although the opening

brief shows that the points of law presented therein involve the application of statutes to undisputed facts, it does not purport to support those points with any citation of authorities other than that of the statutes. Nor are they seriously argued therein. To that brief the Territory filed an answering brief which ably demonstrates by authorities of both statutes and decided cases as well as by argument that such presented points of law are not well taken. The defendant filed no reply brief and submits his cause on the opening and answering briefs without oral argument.

This court finds that the assignments of error as relied upon are so frivolous in nature that no useful purpose would be served to set them forth. Suffice it to say that only the assignments challenging the competency of the minors merit further consideration in order that the general subject of such competency may be clarified and that this court deems it proper to do so for that purpose.

Section 9836 of Revised Laws of Hawaii 1945 authorizes a court on the trial of an issue to receive the evidence of a minor in any suit, action or proceeding, irrespective of whether or not the particular minor "be destitute of the knowledge of God and of any belief in religion or in a future state of rewards and punishments." But it sets forth three requirements to be met in orderly sequence before such evidence can be received lawfully. The first requirement is that the court must caution the minor "that he will incur and be liable to punishment if he does not tell the truth." The second is that the minor must affirm or declare that he will "tell the truth, the whole truth, and nothing but the truth" or must do so "in such other form as may be approved of and allowed by such court * * *." The third and last requirement is that it must be proved to the trial court's satisfaction "that such minor perfectly understands the nature and object of such declaration or affirmation * * * and the purpose for which

his testimony is required." The statute thus provides the authority for receiving the evidence of minors, and the tests necessary to be applied to ascertain their competency. (*Rep. Haw.* v. *Ah Wong,* 10 Haw. 524.)

The steps to be taken in qualifying a minor as a witness under the statute are not difficult. The trial judge cautions the minor that he will be liable to punishment if he does not tell the truth, and then obtains from him either his formal affirmance or declaration to tell the truth as prescribed by the statute or an informal one, approved by the court, as permitted by the statute. Thereafter, an inquiry into the minor's competency to act as a witness is in order through a preliminary examination of him. The minor is qualified as a witness when there has been a showing which convinces the trial judge that the minor has full mental grasp of the nature and object of his affirmance or declaration to tell the truth as well as of the purpose for which his testimony is required.

The ultimate statutory test of a minor's competency is primarily subjective to the trial judge rather than to the minor even though it pertains to the minor's receptive powers of comprehension relative to the responsibility and function of a witness. The criteria of such powers are not controlled by the minor's age but by the degree of his knowledge and understanding. In correlation, it is essential that the minor, after instruction adequate to enable him to appreciate the nature and obligation of an oath, possesses sufficient intelligence to receive just impressions of the facts respecting which he is examined and sufficient capacity to relate them correctly. (See *Rep. Haw.* v. *Ah Wong, supra.*) Establishment of those essentials depends upon trial judge's evaluation of the proof from the minor's response to questions and from his demeanor, general intelligence and sincerity in answering them. But it does not necessarily depend upon the minor's ability to

define the nature and object of his affirmance or declaration and the purpose for which his testimony is required so long as those subjects have been explained fully to him and the trial judge is satisfied by the proof that the minor has a complete and exact knowledge thereof. Consequently, the trial judge's ruling as to the minor's competency or incompetency will not be disturbed on review unless clearly erroneous. (*Rep. Haw.* v. *Ah Wong, supra.*) Nor is strict compliance with any of the three statutory requirements demanded as a matter of law. Substantial compliance is sufficient. (*Ter.* v. *Silva,* 26 Haw. 648.) In this case, there was strict compliance with those requirements and a convincing showing that the minors were competent to testify. Hence the trial judge's ruling of competency is warranted and the receiving of the minors' evidence authorized.

Judgment affirmed.

*O. P. Soares* for defendant-plaintiff in error.

*M. Chan,* Assistant Public Prosecutor for the Territory, plaintiff-defendant in error.