## STATE OF HAWAII *v.* MANUEL PONTERAS.

## No. 4137.

JANUARY 29, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.

Pursuant to a jury verdict the defendant was adjudged guilty of committing the offense of carnal abuse of a female under twelve. He was sentenced to a prison term and appeals the conviction by way of writ of error. Eight errors are assigned. They present three main contentions which, in essence, may be specified as follows:

(1) That it was error to receive the testimony of the complaining witness in that: (a) it was not satisfactorily shown that she clearly understood the purpose for which her testimony was required or the nature and object of an affirmation, and (b) her testimony was taken under oath and not by affirmation or declaration as those terms are used in law;

(2) That it was error to receive evidence of an oral and a signed confession of the defendant without it being first made to appear that they were in fact voluntarily made; and

(3) That it was error to receive such confessions because the defendant had not been first warned of his right to counsel or that anything he might say could be used against him.

The case was submitted without argument. The assignment upon which the third contention above set out is based has been expressly withdrawn with the admission in appellant's opening brief that "A study of reports on recent appeals involving the subject discloses that this assigned error cannot be substantiated." We are of the opinion that a consideration of recent decisions of this court discloses that the remaining two contentions made by appellant also cannot be substantiated.

R.L.H. 1955, § 222-16, governs the qualification of a minor as a witness. In *Territory v. Sabado*, 38 Haw. 486, at 487, it is laid down that that section "authorizes a court on the trial of an issue to receive the evidence of a minor in any suit, action or proceeding, irrespective of

whether or not the particular minor 'be destitute of the knowledge of God and of any belief in religion or in a future state of rewards and punishments.' But it sets forth three requirements to be met in orderly sequence before such evidence can be received lawfully. The first requirement is that the court must caution the minor 'that he will incur and be liable to punishment if he does not tell the truth.' The second is that the minor must affirm or declare that he will 'tell the truth, the whole truth, and nothing but the truth' or must do so 'in such other form as may be approved of and allowed by such court. * * *' The third and last requirement is that it must be proved to the trial court's satisfaction 'that such minor perfectly understands the nature and object of such declaration or affirmation * * * and the purpose for which his testimony is required.' "

The complaining witness was a little over twelve years old when she testified. She was subjected to preliminary examination respecting her qualification as a witness. Pertinent portions of the examination are summarized hereunder.

On direct examination the witness said she was in the sixth grade. She recognized her surroundings in the court-room. She identified "that man sitting over there, in the center of this court-room" as the judge, and "These people here, on the side, twelve of them" as the jury. She said she knew it was not good to tell a lie, and that people who tell lies "get punished." She said she understood "that if you tell a lie in this court-room, you will be punished." To the question, "And if this lady asks you to put up your right hand and tell the truth, will you do so?" she replied in the affirmative. Asked if she knew what she was "in this court-room for today" she replied "Because Manuel Ponteras had sexual intercourse with me." She said she knew what an oath was—that it was "Raise your right

hand and swear to tell the truth."

On cross examination the witness said she went to church. She admitted she often lied to her mother and her father but replied in the affirmative to the question "Now, concerning the purpose for which you are in this courtroom today, Miss ————, concerning the case of Manuel Ponteras, will you tell the truth to this court?"

After examination by counsel the court admonished the witness as follows: "You understand, Leona, that it is quite different when you come to court, quite different to tell a lie to the court than it is to your folks? It is very serious, isn't it, when you come into court and tell a lie. And you understand and realize that if you should tell a lie here, you would be punished? And you know why you are here today, to testify about this incident with Mr. Ponteras, the sex act with Mr. Ponteras. You understand that?" The witness answered "Yes." The court found her competent. She was then sworn by formal oath to "tell the court the truth and nothing but the truth."

We are of the opinion that all the requirements of the applicable statute for the qualification of a minor witness as set out in *Territory* v. *Sabado, supra,* were satisfied in the voir dire examination of the witness. The evidence on her competency as a witness is substantially the same as, or the equivalent of, that set out and held sufficient in *Territory* v. *Martin,* 39 Haw. 100, to qualify and permit the reception of testimony from two witnesses of the ages of eleven and fifteen years. In that case it was contended that the testimony of the two girls should not have been accepted for the reasons that: "first, their testimony was not given upon their affirmation or declaration to tell the truth, the whole truth and nothing but the truth, or in some other form approved and allowed by the court; * * * third, their testimony was admitted, 'notwithstanding it was not proved satisfactory that said witness perfectly

understood the nature and object of a declaration or affirmation to tell the truth, the whole truth and nothing but the truth,' nor the purpose for which their testimony was required," which, with the one variant discussed below, are precisely the same reasons urged by appellant on this appeal in contending that it was error to receive the evidence of the complaining witness.

Appellant's particular argument is that in this case the requirements of § 222-16 "not only were not substantially complied with but were wholly ignored" because "the child was sworn in the same manner and with the same formula used in the case of an adult witness" while "the statute clearly provides that the testimony of a minor shall be received upon 'affirmation' and not on the taking of an oath." Although the argument presents a feature not directly raised or discussed in the *Martin* case, in view of the similarity of the qualifying evidence in that case and the evidence in this case and the fact that in the *Martin* case only the formal oath and no other affirmation or declaration to tell the truth was administered to or exacted from the minor witnesses, we think the ruling and implications of that case clearly indicate that appellant's argument cannot prevail.

In respect to the feature under consideration, the requirement of the statute is that the minor must affirm or declare that he will tell the truth, the whole truth and nothing but the truth "or must do so in such other form as may be approved and allowed by the court." No particular words are required in exacting the declaration or promise from the child to tell the truth. Substantial compliance with the statute is sufficient. No formal affirmation or declaration "as those terms are used in the law" is required. *Territory* v. *Silva*, 26 Haw. 648.

In *Territory* v. *Silva* the affirmation or declaration required by the statute was held to have been satisfied merely

by an affirmative response of a seven year old witness to a statement made to her by the trial judge as follows: "These things that you are going to tell me about and that you are going to tell the jury about the defendant, this man over here, all of those things you will tell the truth about?" The court held, "Section 2611, R.L. 1915, does not require that an oath be administered to minors nor does it restrict the receiving of the evidence of minors to those who make a formal affirmation or declaration to 'tell the truth, the whole truth and nothing but the truth,' but that section distinctly provides that the declaration may be 'in such other form as may be approved of and allowed by such court.' The statement made by the court to the witness immediately preceding her testimony, coupled with her answer 'yes' thereto, was a substantial compliance with the statute." Under that ruling, the admonition made in this case by the court to the witness with her response thereto, taken in conjunction with her previous assertion that she would tell the truth, could well be considered, we think, sufficient to qualify her under the statute without considering the fact that an oath was actually administered to her. However, if there were any deficiency by reason of the trial judge's failure in the preliminary examination to directly exact an affirmation or promise from the witness to tell the truth, it was cured by the administration of the oath. An oath is in itself an affirmation or declaration to tell the truth. A child twelve years old would not properly qualify as a witness merely by taking the oath, but we are not confronted with that situation. Here the oath may be taken as furnishing the necessary affirmation to tell the truth and since it appears, from the responses of the complaining witness to the questions put to her by counsel and to the statement to her by the court, that she also understood she was bound to tell the truth and would be subject to punishment if she did

not, the requirements of the statute respecting the affirmation or declaration were, for all practical purposes, fulfilled. 58 Am. Jur., *Witnesses,* § 130, p. 98; *Wheeler* v. *United States,* 159 U. S. 523.

There is no general prohibition against administering an oath to a child, as appellant contends. *State* v. *Reddington,* 7 S.D. 368, 64 N.W. 170; *State* v. *Meyer,* 135 Iowa 507, 113 N.W. 322; *Payne* v. *State,* 177 Ark. 413, 6 S.W. 2d 832; *State* v. *Yates,* 181 Iowa 539, 164 N.W. 798. *State* v. *Yates* exemplifies these authorities. In that case the court held a seven year old child competent to testify under a statute prescribing that "Every human being of sufficient capacity to understand the obligation of an oath is a competent witness." The court stated the rule as follows: "If it is shown that he comprehends and understands that, upon taking the oath, he is bound thereafter to tell the truth and not to lie, he is competent. If he understands that upon the formal administration of the oath by the judge he is bound thereafter to a statement of the truth and only the truth in his testimony, and that he has pledged himself not to tell a lie, he is competent. The holding generally is that if the answers indicate an intelligence sufficient to satisfy the court that the witness was impressed and understood that it was his duty to tell the truth on such solemn occasion, rather than to tell a lie, and it is made apparent by his answers that he is sensible of the wickedness of telling a falsehood, and comprehends the danger of not telling the truth, he is then competent as a witness. He is then shown to have sufficient capacity to understand the obligation of an oath." (p. 799.)

The administration of the oath to a minor witness is neither required nor prohibited by § 222-16. Whether it is given or not in any particular case is a matter resting solely in the exercise of the wide latitude of discretion vested in the trial judge. In this jurisdiction it has been

the practice of many trial judges to administer the oath to an under-age witness otherwise shown to be competent. As we have seen, that was the practice followed in *Territory* v. *Martin.* Other cases involving the competency of evidence given by a minor appealed to this court and in which it appears by the record that an oath was administered are *Rep. Haw.* v. *Ah Wong,* 10 Haw. 524; *Territory* v. *Fader,* 37 Haw. 293; *Territory* v. *Sabado, supra.* Normally, for a child of tender years the better practice, no doubt, is not to administer an oath but to qualify the child in the more informal manner resorted to in *Territory* v. *Silva, supra.* Where the child is more mature and of an age in the neighborhood of that of the witness in this case, the administration of an oath as the required affirmation or as a means of augmenting and emphasizing an affirmation to tell the truth, otherwise given by the witness, is perfectly proper, and we think quite desirable, providing it appears that the child has sufficient intelligence and understanding and that all the other requisites of § 222-16 have been satisfied. With a child under fourteen years of age the common-law requirement is that the competency must be shown to the satisfaction of the court. Over fourteen years of age a child is presumed to be competent to testify without inquiry into his qualification. 58 Am. Jur., *Witnesses,* § 132, p. 99; 1 Underhill, *Criminal Evidence,* 5th ed., § 257, p. 646; 1 Greenleaf, *Evidence,* 16th ed., § 367, p. 505. Under this presumption, evidence of a minor over fourteen years of age may be received, at least in the absence of objection, upon the taking of an oath without further qualification. *Territory* v. *Fader, supra.*

We find no semblance of error in the reception of the evidence of the complaining witness in this case.

There remains to be considered the contention that it was error to receive in evidence an oral and a written confession made by defendant. The contention is pred-

icated on the claim that the confessions were not shown to have been voluntarily made in compliance with R.L.H. 1955, § 222-26, providing: "No confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that such confession was in fact voluntarily made * * *."

The evidence shows that on October 14, 1958, the defendant, in response to a telephone call, appeared before Detective Alvaro Moniz at the Honolulu Police Department and that shortly thereafter at about 8:45 a.m. the officer began questioning him. The detective testified that the defendant freely and without any denials admitted that he had had sexual relations with the complaining witness. He further testified that at about 9:15 a.m. he placed the defendant under arrest, later told the defendant he wanted to take a written statement from him and that he advised the defendant that he need not give one if he did not want to but that the defendant said he was willing to do so. The detective, according to his testimony, thereupon called in a stenographer and, commencing at 9:35 a.m., took a statement from the defendant in question and answer form. The statement was completed at 9:55 a.m. The defendant was held in custody until after lunch when he was handed a transcription of his statement and asked to read and sign it. The officer said the defendant appeared to read each page of the statement, that he initialed them as he did so and then signed the last page of the statement. The officer testified that no threats, force or promises of immunity were used or made at any time.

The stenographer identified the written statement as a correct transcription and on cross-examination said that the answers appearing therein were given by the defendant and not dictated by the interrogating officer.

When the written statement was offered in evidence the defendant's counsel requested and was granted a prelimi-

nary hearing on the question of voluntariness. The defendant took the stand and in the absence of the jury claimed that he had been forced to make the confessions. In respect to the oral one, he testified that he first denied to the officer that he had had any relations with the complaining witness and then later admitted to the officer that he had had sexual intercourse with her. He claimed he made the admission because the officer "kept questioning him." He said the officer questioned him three times on the subject. In respect to the written statement he denied that he made the answers credited to him in it and said that they were given by the questioning officer and recorded by the stenographer as so given. He claimed he was forced to make and sign the statement and, in explanation thereof, said that the police officer told him he would lock him up. He said this occurred just before he was asked to sign the statement. He admitted that no other threats had been made against him and that he was not "scared" of Officer Moniz. He also claimed he could not read but admitted that he had gone to school through the ninth grde.

The officer was recalled and in rebuttal denied that he had at any time threatened to lock up the defendant.

Overruling the objection that the written statement was not voluntarily given, made by the defendant when it was offered in evidence, the court stated: "The defendant said he wasn't scared. The only vestige of threat that is before the Court is his statement that Sgt. Moniz said, 'If you don't sign it, I will lock you up.' Sgt. Moniz denies that. I take the testimony of Sgt. Moniz on that score. Exhibit 1 for Identification will be admitted as Exhibit 1 in Evidence."

On this record, the court's ruling in resolving against the defendant whatever conflicts existed between his testimony and that of the detective and stenographer, and in admitting the written confession in evidence against the

objection that it was involuntary is unassailable under the holdings in a long array of decisions of this court, the more recent ones of which are: *Territory* v. *Alcosiba,* 36 Haw. 231; *Territory* v. *Young and Nozawa,* 37 Haw. 189; *Territory* v. *Patterson,* 38 Haw. 245; *Territory* v. *Joaquin,* 39 Haw. 221; and *Territory* v. *Josiah,* 42 Haw. 367.

Although the question of the admissibility of the oral confession is, strictly speaking, not before us, since no objection to its admission was made, it is apparent from the record that the evidence on the oral confession was properly received and that the trial court would not have been justified in rejecting it even if an objection had been made.

The judgment is affirmed.

*Oliver P. Soares* for defendant-appellant.

*John H. Peters,* Prosecuting Attorney, and *Arthur S. K. Fong,* Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff-appellee.