## DECISION NOT HERETOFORE REPORTED.

PIONEER MILL COMPANY, LIMITED, *v.* E. H. HART AND MOSE MEHEULA.

APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

ARGUED DECEMBER 19, 1905.    DECIDED DECEMBER 19, 1905.

HARTWELL AND WILDER, JJ., AND CIRCUIT JUDGE DE BOLT
IN PLACE OF FREAR, C.J.

HARTWELL, J.  In arguing this appeal from Judge Kepoikai's decree for an injunction, it will not be necessary to consider any matters except the averments in the bill, the question being whether they sustain the decree or not. The matters mentioned in the motion to advance the case and in the affidavits filed in that motion, are not before the court on this appeal, nor is the question whether the order was void which was made by Judge Kepoikai, when outside of his circuit, open to consideration,—the respondent having waived the right to question its validity by his general appearance.

Personally I have very great doubt whether the order had validity, notwithstanding the suggestion made by counsel in one of their affidavits that the Cotton Bros. case depended on whether Judge Gear's order was valid or not; I am interested in that case and certainly hope that my feeling on this matter will not affect my colleagues who sit on that question. But whether it does or not makes no difference,

Another thing is not to be considered now, and that is whether the appeal ought to have contained an averment that this court had decided that there was no equitable right for delay. This court had decided that the circumstances, which are the same as presented in the bill, did not constitute an equitable right on the part of the defendant in the ejectment case for delay until it could learn the result of its application for a writ of error. Practically the question is now whether that decision was right or wrong. If it was wrong it is the duty of this court to reverse itself and it would not hesitate to do so. We think that the burden is on the appellee to show that the decision was wrong, in other words, to maintain its position that it has an equitable right for delay.

MR. KINNEY. We accept cheerfully the ruling of the court as to what is now before the court, only in view of the suggestion made that the absence of certain allegations in the bill call for explanation we wish it to appear upon the record that we have prepared the affidavits to explain our good faith.

HARTWELL, J. You will have opportunity to do that if it is desired, but not on this occasion.

MR. KINNEY. We come prepared to offer affidavits explaining just how that happened and happened in perfect keeping with good faith on our part.

HARTWELL, J. That was said by Mr. Derby on the motion to advance.

MR. KINNEY. We accept the ruling of the court, but I wanted to state that we have the affidavits drawn and came ready to present them. We would not want it to appear upon the record that we allowed the matter to pass without our attention to the question of good faith. We might not have been within our rights, but there is no bad faith on the part of counsel before the court. I have examined these affidavits and feel that the court will be entirely satisfied with the good faith of counsel—I simply wish to have it appear here that we were ready and

willing to make the explanation now or at any other time the court suggests.

HARTWELL, J. At the proper time we shall be ready to hear anything that is sought to be presented on the subject. The question is not now before the court.

MR. KINNEY. Then we will assume that the court is satisfied with our good faith. Whether we made a mistake or not is a different thing.

HARTWELL, J. There is no ruling on the subject one way or the other because there is no occasion for it.

After argument on the question whether an equitable right is established under the circumstances of the case under any of the rules or doctrines of equitable jurisprudence the court gave an oral opinion as follows:

### ORAL OPINION.

HARTWELL, J. All the considerations which have been presented today were presented before this court upon the motion of the Pioneer Mill Company to delay notifying the circuit court of the decision overruling the exceptions. The views of counsel have been expressed with force, incisiveness and strength and yet they fail to satisfy us that we have any right to intervene. The argument takes it for granted that a right of appeal exists on the part of the defendant in the ejectment case because it asserts that it does. While we have disclaimed any suggestion that the attempted appeal is based on frivolous reasons it remains true that the case is precisely the same as if there were no meritorious defense; the rule would be the same if there is a right to delay the proceedings; whether applied for by a deserving or an undeserving defendant; this court could not distinguish I take it;—it is not a question of the propriety but of the right of the appeal. The California case cited, in which the supreme court held that, in aid of its own appellate jurisdiction, it makes such orders or rules as to render its jurisdiction effective, does not touch the question of the right claimed by the defendant to take out a writ of error. We do not for a moment

conceive that this court can stay an act of Congress or do anything whatsoever towards frustrating or nullifying an act or abridging the right of appeal given by the recent amendment of the Organic Act. But we fail to see, and counsel have not pointed out, any statutory power to give the defendant sufficient time within which to ascertain whether the United States Supreme Court decides that it has a right to a writ of error. Legislation could authorize the exercise of such power, but it would be an usurpation of power for us to undertake to do what the legislature has not authorized. A statute could make provision against oppressive or unfounded appeals, and for appellants' bonds for it is uncertain whether voluntary bonds, not authorized by statute, can be enforced. Take for illustration a case in which a party seeks to appeal on the ground that his constitutional rights are affected in a case in which he has obtained no ruling on the right and in which the record fails to show that the question was raised. An assertion made for the first time after the decision that he has a right to appeal because his constitutional rights are affected would not, I suppose, authorize a stay of proceedings until he should assert that rght.

If a party fails to make out a case at the trial which shows that it is within the amendment of the Organic Act concerning appeals, in a manner which this court can recognize, he has only himself to blame and cannot correctly say that this court is frustrating his right of appeal by failing to intervene and help out his attempt to carry the case up. We have considered the matter in all its aspects; we are aware of the importance of the matter and would not reassert that ruling without due consideration of its significance, and yet, we cannot shrink from the duty, when it appears to be absolutely clear, of declining to assert a power not given us by statute and not within any established doctrine of equity jurisprudence.

The decree appealed from is reversed and the bill is dismissed.

C. W. Ashford for appellant.

W. A. Kinney and S. H. Derby for appellee.