TERRITORY OF HAWAII *v.* CARL MEYER.

No. 2551.

No. 2555.

ARGUED APRIL 16, 17, 1945.                    DECIDED JUNE 15, 1945.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE CASSIDY
IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY LE BARON, J.

The appellant by writs of error seeks review of two extensive trials at each of which the jury returned a verdict finding him guilty of larceny in the first degree and different presiding trial judges sentenced him to the penitentiary. Under the first writ there are nineteen assignments of error and under the second there are twenty-eight, two of the second being expressly abandoned in the briefs. There are thus a total of forty-five assignments submitted for consideration. Nevertheless appellant's briefs, purportedly a presentation for review, contain no

itemized statement whatsoever of the errors counted upon for reversal of the judgments below, although without amplification the briefs tersely state that appellant relies upon "each and every one" of the forty-five assignments of error which cover seventy-one typewritten pages and are incorporated verbatim therein. From this state of the record there arises the question whether appellant's briefs reasonably and substantially comply with the rule of this court governing the preparation of briefs so as to merit appellate consideration of the assignments of error. The rule provides *inter alia* that an appellant's brief "shall contain * * * a specification of the errors which are relied upon." (*Rules Sup. Ct.*, 36 Haw. 753, rule 3, par. 1 [d].)

As stated generally in *Trust Co.* v. *Cabrinha*, 24 Haw. 655 at 657, "The rules of the supreme court are provided for the convenience, guidance and protection of all those having business before it and any attempt to ignore or evade the rules should be summarily checked." In line therewith, this court repeatedly has emphasized the importance of reasonable and substantial compliance with the above requirement pertaining to an appellant's brief and sufficiently warned appellants in general that failure so to observe it would warrant dismissal. (See *Ter.* v. *Taok*, 33 Haw. 560; *Furtado* v. *Rezents*, 33 Haw. 569; *Watumull* v. *Tax Commissioner*, 34 Haw. 84.) The salutary effect of such observance is apparent in that the rule requires an appellant, regardless of the mode of statutory appeal, to list concisely and state explicitly those errors upon which he believes the efficacy of the appeal itself depends so as to enable both opposing counsel and the appellate court to appreciate readily whatever cogency his appeal as such may have without resorting to a digest of the record proper. It further directs their attention to the vital questions to be considered and the controlling points to be discussed on appeal, thus affording opposing

104

counsel a better opportunity to meet and answer them intelligently and thereby placing the appellate court in proper position to determine the appeal in expedition of its calendar. The requirement directly synchronizes with the other requirements of the rule that an appellant's brief shall also contain "a concise * * * statement of the case presenting succinctly * * * the questions involved * * * " and "a brief of the argument exhibiting a clear statement of the points of law * * * to be discussed and the authorities relied upon in support of each point." (*Rules Sup. Ct., supra,* rule 3, par. 1 [c] and [e].) The rule thus serves to consolidate necessary elements of logical approach to and consideration of the subjects of review so that it affirmatively appears from the brief itself that the specified errors relied upon were properly preserved and correlate with the questions involved and the law discussed. (For further comment upon the purpose and function of such a rule see *City of Lincoln* v. *Sun Vapor Street-Light Co.,* 59 Fed. 756 at 758.)

In this case the rule is flagrantly violated both in letter and spirit. The appellant's briefs do not contain any specification of the errors relied upon nor, although presenting a sweeping critique of alleged happenings below, do they purport to discriminate by way of reliance between the crucial and the unimportant. Neither are any portions thereof, either jointly or separately, susceptible to being construed as constituting reasonable and substantial compliance with the requirement of paragraph 1 (d), *supra.* It is not necessary to pass upon the question whether any of the assignments of error are sufficient as a matter of law in order to say that neither their verbatim repetition in the briefs nor the statements therein of the questions involved and briefs of the argument serve or combine to serve the function of a specification of the errors relied upon or possess the requisite quality thereof in re-

spect to brevity and clarity. The assignments advance manifold and multifarious questions which, together with those stated as being involved, are not properly briefed in conformity to the requirement of paragraph 1 (e), *supra.* In addition, most of the assignments are unduly lengthy and confusing, some are vague, while others embrace divergent points of law. As a result any coherency of presentation for review is destroyed, rendering the questions stated uncertain in application and dissipating whatever force the argument might otherwise have had. Such being the state of the briefs, the requirement of paragraph 1 (d), *supra,* cannot be evaded by mere statements that the appellant relies upon each and every one of his numerous assignments, nor can he escape thereby the consequences of the fact that his briefs contain no specification of the errors relied upon. Furthermore, the appellant, not having properly briefed the motley array of questions stated and advanced, cannot with reason expect the appellate court to make a painstaking survey of them in order to cull unimportant questions and determine the crucial ones, nor has he the right to cast upon it his burden of studying the record and authorities to essay the essential to the maintenance of the appeal and its efficient prosecution.

In short, the violation and evasion by the appellant's briefs of the mandatory requirement relative to a specification of the errors relied upon give rise to the very evils it is designed to prevent. Consequently if that mandate is to retain any significance, it must be enforced in this case.

The assignments of error will not be further considered and the writs are dismissed.

*J. V. Esposito* (also on the briefs) for defendant, plaintiff in error.

*M. Pence,* County Attorney County of Hawaii (also on the briefs) for plaintiff, defendant in error.