# TERRITORY OF HAWAII *v.* WILFRED GILBERT MARTIN.

## No. 2758.

ARGUED OCTOBER 12, 1950.                    DECIDED JUNE 12, 1951.

LE BARON AND TOWSE, JJ., AND CIRCUIT JUDGE WIIG
IN PLACE OF KEMP, C. J., RETIRED.

OPINION OF THE COURT BY TOWSE, J.

The defendant was convicted before a jury of the offense of malicious assault upon a female child under the age of twelve years with intent to carnally abuse and know her. He brings writ of error to review the judgment.

Fifteen specifications of error are assigned. Ten are relied upon. Specifications one and two relate to the admission in evidence of the testimony of two minor witnesses, the victim and her sister. The remaining eight specifications are directed to the trial court's refusal to give certain of the defendant's requested instructions. It is categorically asserted that their refusal deprived the defendant of his right to a fair and impartial trial.

Specifications one and two allege a failure of compliance with the statutory prerequisites to the qualification of the minors as witnesses and the receipt in evidence of their testimony in that: first, their testimony was not given upon their affirmation or declaration to tell the truth, the whole truth and nothing but the truth, or in some other form approved and allowed by the court; second, the minors were not cautioned that they would incur or be liable to punishment if they did not tell the truth; third, their testimony was admitted, "notwithstanding it was not proved satisfactory that said witness perfectly understood the nature and object of a declaration or affirmation to tell the truth, the whole truth and nothing but the truth," nor the purpose for which their testimony was required.

Section 9836 of Revised Laws of Hawaii 1945 provides in part: "* * * it shall be lawful for such court or person to receive the evidence of any minor, notwithstanding he may be destitute of the knowledge of God and of any belief in religion or in a future state of rewards and punishments; *provided* always, that the evidence of such minor shall be given upon his affirmation or declaration to tell the truth, the whole truth, and nothing but the truth, or in such other form as may be approved of and allowed by such court or person, as first aforesaid, and after he shall have been cautioned by such court or person, that he will incur and be liable to punishment if he does not tell the truth; *provided* also, that no such evidence shall in any

case be received unless it shall be proved to the satisfaction of such court or such person, that such minor perfectly understands the nature and object of such declaration or affirmation as aforesaid, and the purpose for which his testimony is required." We are here concerned with the interpretation of the two provisos.

The witnesses were of the ages of eleven and fifteen years. The following excerpts from their preliminary examinations are reflected in the record. The first witness, the victim, age eleven, on direct examination testified:

"Q Do you go to church?

"A Yes.

"Q Do you go to school?

"A Yes.

"Q What school?

"A Thomas Jefferson School.

"Q What year in school are you?

"A I am in the sixth grade.

"Q Sixth grade?

"A Yes.

"Q Do you know why you are here as a witness?

"A Yes.

"Q Why are you here?

"A I am here to testify against the man that has committed a crime.

"Q You know it is wrong to tell a lie, do you?

"A Yes.

"Q You know you will be punished by God if you do tell a lie?

"A Yes."

On cross-examination:

"Q Do you know the purpose for which you are called upon to give testimony?

"A Yes.

"Q What is the purpose of your testimony? I am not

asking you what your testimony is to be, but the purpose of the testimony.

"THE COURT : In other words, why are you here?

"A I am here because that man has done something wrong to me."

On redirect examination :

"Q Do you know why you are here today?

"A Yes.

"Q And why are you here today?

"A I am here to testify against a man who has done something wrong.

"Q Why are you to testify?

"A Because he has done something wrong to me."

BY THE COURT :

"THE COURT : The minor states that she is here to testify because a crime was committed, which appears to the Court to be sufficient. The Court finds the witness to be qualified.

"MR. SOARES : May we have an exception?

"THE COURT : Exception noted. Louise, you see when you come into Court to testify, that is to give evidence, to tell the Court what has happened, you have to stand up and hold up your right hand and swear before God to tell the truth, the whole truth and nothing but the truth, and if you should tell the Court anything that is not the truth, that is not the whole truth, if there is anything but the truth, you are liable to punishment, and if you were 20 it would be a penitentiary offense. As you are not 20, it means that if you did such a thing, told anything which was not the truth in any way, you would be sent to the Girls' Industrial School until you are 20. Do you understand?

"THE WITNESS : Yes.

"THE COURT : All right, she may be sworn. (The witness was then duly sworn.)"

104

The second witness, age fifteen, on direct examination testified:

"Q  How old did you say you were?
"A  I am 15 years old.
"Q  You go to church?
"A  Yes, I do.
"Q  You go to school?
"A  Yes, I do.
"Q  What grade are you in?
"A  I am in the ninth grade.
"Q  Do you know why you are here today?
"A  Yes, I do.
"Q  Why?
"A  I am here to testify against the defendant who committed a crime against my sister."

This witness was not interrogated on preliminary cross-examination.

By the Court:

"THE COURT:  The Court must warn you because you are under age, when you come into Court you have to stand up and hold up your right hand and swear before God to tell the truth, the whole truth and nothing but the truth, and if you should tell anything here in Court that is not the truth, not the whole truth or is anything but the truth, you commit the crime we call perjury, and if you were 20 years of age it would mean you could be imprisoned at hard labor in Oahu prison for two years.  Since you are under age, it would mean you would be sent to the Girls' Industrial School until you are 20.  Do you understand?

"THE WITNESS:  Yes.

"The witness was sworn and testified * * *."

A summarized pronouncement upon the interpretation and requisites of section 9836 of Revised Laws of Hawaii 1945, *supra,* is stated in the recently decided case of *Territory* v. *Sabado,* 38 Hawaii 486, which, applied to the facts

presented by the instant record, is dispositive of specifications one and two. Referring to the prerequisites enumerated therein, the court said: "Section 9836 of Revised Laws of Hawaii 1945 authorizes a court on the trial of an issue to receive the evidence of a minor in any suit, action or proceeding, irrespective of whether or not the particular minor 'be destitute of the knowledge of God and of any belief in religion or in a future state of rewards and punishments.' But it sets forth three requirements to be met in orderly sequence before such evidence can be received lawfully. The first requirement is that the court must caution the minor 'that he will incur and be liable to punishment if he does not tell the truth.' The second is that the minor must affirm or declare that he will 'tell the truth, the whole truth, and nothing but the truth' or must do so 'in such other form as may be approved of and allowed by such court * * *.' The third and last requirement is that it must be proved to the trial court's satisfaction 'that such minor perfectly understands the nature and object of such declaration or affirmation * * * and the purpose for which his testimony is required.' "

It affirmatively appears from the excerpts of the two minor witnesses above quoted, that the first two prerequisites have been complied with.

In respect to the third requirement, appellant contends that each witness has failed of compliance therewith, in that "the evidence of said witness was received notwithstanding it was not proved satisfactory that said witness perfectly understood the nature and object of a declaration or affirmation to tell the truth, the whole truth and nothing but the truth, nor the purpose for which her testimony was required." Failure of compliance is predicated upon two grounds: first, alleged discrepancies developed in the preliminary examination and second, that the word "perfectly," as employed in the statute, means, creates and

requires a nonflexible, exacting and utterly flawless under-
standing on the part of a minor witness of the factual
requisites of compliance — a requirement, it is contended,
that is impossible of attainment by a minor.

Ground one is premised upon the following alleged dis-
crepancies developed in the preliminary examination of
the first witness:

"CROSS EXAMINATION:

"Q  Do you understand the nature and object of your
testimony?

"A  Yes.

"Q  What is it?

"A  I don't quite understand what you ask.

"Q  Do you know the purpose for which you are called
upon to give testimony?

"A  Yes.

"Q  What is the purpose of your testimony? I am not
asking you what your testimony is to be, but the purpose
of the testimony.

"THE COURT: In other words, why are you here?

"A  I am here because that man has done something
wrong to me.

"Q  Well, that's why you are here, but what is the pur-
pose of your giving your story or giving testimony? What
is the purpose of giving testimony?

"A  I don't know what it means."

"REDIRECT EXAMINATION:

"Q  You know what a Court proceeding is, Louise, a
Court hearing, just roughly?

"A  No, I don't."

The record bears no discrepancies in the preliminary
examination of the second witness. The examination was
limited to direct examination and the comments of the
court quoted *supra*.

The ultimate determination of compliance with the

statutory requirements is a subjective one to the trial judge rather than to the minor witness. Competency is not controlled or determined by age, but by the degree of knowledge and understanding of the witness. It is measured exclusively by subjective factual determination in conjunction with and in correlation to the preliminary examination reflecting the capacity and intelligence of the witness.

"The ultimate statutory test of a minor's competency is primarily subjective to the trial judge rather than to the minor even though it pertains to the minor's receptive powers of comprehension relative to the responsibility and function of a witness. The criteria of such powers are not controlled by the minor's age but by the degree of his knowledge and understanding. In correlation, it is essential that the minor, after instruction adequate to enable him to appreciate the nature and obligation of an oath, possesses sufficient intelligence to receive just impressions of the facts respecting which he is examined and sufficient capacity to relate them correctly. (See *Rep. Haw.* v. *Ah Wong, supra.*) Establishment of those essentials depends upon the trial judge's evaluation of the proof from the minor's response to questions and from his demeanor, general intelligence and sincerity in answering them. But it does not necessarily depend upon the minor's ability to define the nature and object of his affirmance or declaration and the purpose for which his testimony is required so long as those subjects have been explained fully to him and the trial judge is satisfied by the proof that the minor has a complete and exact knowledge thereof. Consequently, the trial judge's ruling as to the minor's competency or incompetency will not be disturbed on review unless clearly erroneous. (*Rep. Haw.* v. *Ah Wong, supra.*) Nor is strict compliance with any of the three statutory requirements demanded as a matter of law. Substantial

compliance is sufficient. (*Ter.* v. *Silva,* 26 Haw. 648.)"
*Territory* v. *Sabado,* 38 Haw. 486, 488, 489.

The inconsistencies alluded to, in the circumstances, did not produce or result in any material departure or variance from the facts otherwise established in the preliminary examination of the first witness.

The record establishes ground one to be without merit.

Ground two presents a novel contention. It is urged that the statute, being limited to the qualifications and prerequisites to the receipt in evidence of the testimony of minors, includes only a limited extraordinary class of witnesses to the exclusion of all others; and, inclusion in that class being predicated upon a *perfect understanding,* the statute thus, by its operative terms, in fact excludes those whom it is expressly intended to embrace. Specifications one and two thus, for the first time upon these grounds, directly attack the relative degree of understanding of the statutory requirements attaching to a minor witness as distinguished from all other classes of witnesses, contending that the degree of understanding required, being a perfect understanding, is impossible of attainment by a minor. It is urged, first, that the statutory test of the competency of a minor witness must be measured in a degree of perfect understanding, *i. e.,* that he "perfectly understands"; second, that the test of compliance being a nonvariable and inflexible one not required of a major or any other witness thus precludes perfection as such in the case of a minor witness, and that therefore the statute, by its terms, precludes all minors from qualifying under its operative provisions as witnesses in judicial proceedings. While subject to statutory tests of competency, the testimony of minor witnesses has, under well-established and settled rules of evidence, been admitted in judicial proceedings for consideration of judge or jury, as the case may be, in the same degree as the testimony of any other class of

witnesses. The provisos themselves, *supra,* reciting the qualifying tests to the receipt in evidence of the testimony of minor witnesses would also appear to answer the appellant's contention.

Section 9 of Revised Laws of Hawaii 1945 provides: "The words of a law are generally to be understood in their most known and usual signification, without attending so much to the literal and strictly grammatical construction of the words as to their general or popular use or meaning."

Webster's New International Dictionary defines the adverb "perfectly" as: "a. In a perfect manner; completely or thoroughly; altogether fitly, correctly, or rightly; flawlessly. b. *Colloq.* Utterly; quite; altogether. c. *Dial.* Exactly; just." The adverb "perfectly" modifies the verb "understands" as employed in the statute.

The qualifying of minor witnesses and the determination of their competency or lack thereof in judicial proceedings requires that the witness first "understands." The degree of understanding, *i. e.,* "perfectly," is and must be considered as the criteria of competency of each particular witness. The requirements of the statute necessitate an approach, as near as is classificationally and practicably possible, to an understanding on the part of the minor of these requisites. In the sense of perfection, it does not require that the understanding be perfect — in a perfect manner — completely — entirely — flawlessly. In our opinion it means clearly — relatively — satisfactorily — rightly, and in a degree as exacting and complete as the mental faculties of the minor witness permit. The degree of this attainment being an objective one, is delegated to, measured by, and vested in, the sound discretion of the trial judge. "But it does not necessarily depend upon the minor's ability to define the nature and object of his affirmance or declaration and the purpose for which his testimony is required so long as those subjects have been ex-

plained fully to him and the trial judge is satisfied by the proof that the minor has a complete and exact knowledge thereof." *Territory* v. *Sabado,* 38 Haw. 486, 488.

The record in our opinion bears no evidence of abuse of discretion on the part of the trial judge. Accordingly, the rulings upon the competency of the two minor witnesses and upon the admission of their testimony will not be disturbed. "* * * As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review unless, from that which is preserved, it is clear that it was erroneous." *Rep. Haw.* v. *Ah Wong,* 10 Haw. 524, 525.

Specified error number three is directed to the refusal to instruct the jury to return a verdict of not guilty. It is premised upon the absence of competent legal evidence sufficient to warrant submission of the case to the jury. The victim was the principal witness testifying upon the material allegations of the indictment. Her testimony being competent evidence, and the jury upon that testimony and the testimony of other witnesses on behalf of the Territory, having returned a verdict of guilty, that verdict will not be disturbed in the absence of manifest error. The record bears ample evidence warranting that finding and contains no error warranting reversal.

The remaining specifications relied upon, numbered four to ten, inclusive, are directed to the refusal of the trial court to give certain instructions requested by the defendant. Each error as assigned presents the unamplified conclusion that its refusal deprived the defendant of his right to a fair and impartial trial. This conclusion is recited and specified as the ground of each of the remaining specifications, and, as such, are relied upon both in the record and in the appellant's brief. Assuming that the alleged errors so presented are sufficiently specified as required by rule 3 of the rules of the supreme court to

warrant consideration, the consistently recurring practice of failing to completely and satisfactorily comply with this rule would here appear to warrant comment.

Rule 3, paragraph 1, provides, *inter alia,* that an appellant's brief contain: "(c) a concise abstract or statement of the case presenting succinctly the facts, the questions involved and the manner in which they are raised; (d) a specification of the errors which are relied upon.  * * * When the error alleged is to the charge of the court the specification shall set out the part referred to in full, whether it be instructions given or instructions refused * * *."

"The rule thus serves to consolidate necessary elements of logical approach to and consideration of the subjects of review so that it affirmatively appears from the brief itself that the specified errors relied upon were properly preserved and correlate with the questions involved and the law discussed." *Territory* v. *Carl Meyer,* 37 Haw. 102, 104.

Expeditious determination of appeals is often hampered by failure of proper consolidation lending to a logical approach and consideration of the subjects of review in records and briefs failing of full compliance with the rule.  Compliance with rule 3, paragraph 1 (c) is ostensibly sought by the recitation of a "statement of the case," consisting of eight lines, to the exclusion of the questions involved and the manner in which the questions presented are raised.  This ostensible compliance will perhaps not warrant, upon the entire record and the interests of justice, a summary dismissal of the remaining assignments.

The record, however, so closely approaches noncompliance warranting summary dismissal of the remaining specifications that they are preserved for review only by invocation of the rule of appellate practice that the record does in fact contain other specifications that are sufficient.

Preservation at this premium is of common and recurring frequency. "This is a fault of recurring frequency and if persisted in the court for its own protection will be compelled to resort to punitive measures." *Furtado* v. *Rezents,* 33 Haw. 569.

The remaining specification will therefore be considered in the interests of justice and clarification of the principles applicable to instructions generally.

Specified error number four is directed to the refusal of the court to give the following instruction:

"DEFENDANT'S INSTRUCTION NO. 5

"A reasonable doubt may arise from the evidence or it may arise from the lack of evidence. It is such a doubt as would cause you, as reasonable men, to hesitate to act upon it in matters of importance to you.

"It is difficult to define in exact terms the nature of a reasonable doubt. It may be said to arise from a mental operation and exists in the mind when the judgment is not fully satisfied as to the truth of a criminal charge or the occurrence of a particular event, or the existence of a thing. It is a matter that may be determined by the jury, acting under the obligations of their oaths and their sense of right and duty. If, from an examination and consideration of all the facts and circumstances in evidence taken in connection with the charge of the court, you are not satisfied beyond a reasonable doubt that the defendant is guilty as charged in the indictment, you will return a verdict of acquittal."

The definition of a reasonable doubt was sufficiently covered and fully impressed upon the jury in another instruction:

"TERRITORY'S INSTRUCTION NO. 8

"I further instruct you that the burden of proof is upon the Territory and the law, independent of the evidence, presumes the defendent to be innocent, and this presump-

tion continues and attends him at every stage of the case until it has been overcome by evidence which proves him guilty to your satisfaction and beyond a reasonable doubt. And in this connection, I instruct you that the doubt which will entitle the defendant to an acquittal must be a reasonable doubt, not a conjured-up doubt, such a doubt as you might conjure up to acquit a friend, but a doubt that you could give a reason for.

"A reasonable doubt is not a possible doubt, not a conjectural doubt, not an imaginary doubt, not a doubt of the absolute certainty of the guilt of the accused, because everything relating to human affairs and depending upon mortal evidence is open to conjectural or imaginary doubt, and because absolute certainty is not required by law. The real question is whether after hearing the evidence and from the evidence you have or have not an abiding belief, amounting to a moral certainty that the defendant is guilty and if you have such belief so formed, it is your duty to convict, and if you have not such belief so formed it is your duty to acquit. You should take all the testimony and all the circumstances into account and act as you have or have not such abiding belief the fact is."

The instruction defines a reasonable doubt in thoroughly approved terms.

Assignment of error number five is upon the court's refusal to give the following instruction:

"DEFENDANT'S INSTRUCTION NO. 6

"I instruct you, gentlemen of the jury, that the defendant is presumed to be innocent of the offense charged against him, and you must find him not guilty, unless you are satisfied of his guilt beyond every reasonable doubt. This is not a mere technical rule to be lightly considered by you, but is a humane provision of the law to which you must give due regard, and if the evidence leaves a reasonable doubt in your mind as to the guilt of the defendant

or as to any material allegation of the indictment you are bound by the provisions of law and by your oaths, to find the defendant not guilty."

The court amply covered the subject matter of this requested instruction in other instructions:

"DEFENDANT'S INSTRUCTION NO. 3

"The presumption of innocence is not a mere form to be disregarded by you at pleasure, but it is an essential, substantial part of the law of the land, and binding upon you and it is your duty to give the defendant the full benefit of this presumption of innocence and to find him not guilty unless the evidence satisfies you of his guilt beyond all reasonable doubt."

"DEFENDANT'S INSTRUCTION NO. 4

"Under the law no jury should convict a person charged with crime upon mere suspicion, however strong, or simply because there is a preponderance of all of the evidence in the case against him, or simply because there are strong reasons to suspect him guilty. What the law requires before the defendant can be convicted of crime is not suspicion, not mere probabilities, but proof of his guilt beyond all reasonable doubt."

Specified error number six is directed to the court's refusal to give the following instruction:

"DEFENDANT'S INSTRUCTION NO. 7

"I instruct you, gentlemen of the jury, that in criminal cases, even when the evidence is so strong that it demonstrates the probability of the guilt of the party accused as set forth in the indictment, still if it fails to establish beyond a reasonable doubt the guilt of the defendant, in manner and form as charged in the indictment or of an offense necessarily included therein, as set forth in these instructions, then it is the duty of the jury to acquit the defendant and bring in a verdict of not guilty.

"I further instruct you that mere probabilities are not

sufficient to warrant a conviction, nor is it sufficient that upon the doctrine of chances, it is more probable that the defendant is guilty. To warrant a conviction of the defendant he must be proved to be guilty beyond all reasonable doubt when all the evidence of the case is considered together."

This principle of law was amply covered in other instructions given:

"DEFENDANT'S INSTRUCTION NO. 11

"I further instruct you, that it is in nowise incumbent upon the defendant to explain away the evidence offered by any of the witnesses on behalf of the government.

"If from the evidence before you, you cannot say that the defendant is guilty beyond all reasonable doubt, you must find the defendant not guilty even though he has not produced any evidence to explain why he has been accused of the crime described in the indictment."

"DEFENDANT'S INSTRUCTION NO. 4

"Under the law no jury should convict a person charged with crime upon mere suspicion, however strong, or simply because there is a preponderance of all of the evidence in the case against him, or simply because there are strong reasons to suspect him guilty. What the law requires before the defendant can be convicted of crime is not suspicion, not mere probabilities, but proof of his guilt beyond all reasonable doubt."

Assignment of error number seven is directed to the court's refusal to give defendant's requested instruction number nine:

"DEFENDANT'S INSTRUCTION NO. 9

"You are instructed that in a criminal case of this nature, the burden of proof as characterized in these instructions, never shifts to the defendant, but remains upon the Territory throughout the case to prove the guilt of the defendant beyond all reasonable doubt. This burden does

not, under any circumstances, shift to the defendant to prove his innocence."

Likewise the subject matter of this requested instruction was amply covered, almost verbatim, in a portion of another instruction given:

"TERRITORY'S INSTRUCTION NO. 8

"I further instruct you that the burden of proof is upon the Territory and the law, independent of the evidence, presumes the defendant to be innocent, and this presumption continues and attends him at every stage of the case until it has been overcome by evidence which proves him guilty to your satisfaction and beyond a reasonable doubt * * *."

Assignment of error number eight is directed to the court's refusal to give defendant's requested instruction number ten:

"DEFENDANT'S INSTRUCTION NO. 10

"The unanimous agreement of the jury is necessary to a verdict. This is in nowise to be considered by you as a justification for abandoning your individual convictions or beliefs or doubts. While a unanimous verdict is required it must be arrived at by each juror's voting as he believes the law and the evidence justifies him to vote. While, of course, each of you must give due regard to the opinions of the others, you are not to substitute the opinion of a fellow juror for your own simply for the purpose of arriving at a unanimous verdict.

"To illustrate, if one or more of you believe from the law and the evidence that the guilt of the defendant is established so clearly and convincingly as to leave no reasonable doubt in your minds, you are not to vote 'not guilty' merely because a majority of the jury does not believe the defendant guilty or has a reasonable doubt of his guilt. So, too, if one or more of you, after a fair and impartial discussion with your fellow jurors, are not convinced from

the evidence and the law beyond a reasonable doubt that defendant has been proved to be guilty of the crime charged, you are not to vote 'guilty' merely because a majority votes that way. The 'unanimous' verdict of the jury must be the sum total of your individual beliefs and is not to be arrived at by an arrangement of compromise, as for instance, finding the defendant guilty of a lesser offense than the crime charged, or by an agreement that the jury will recommend leniency."

The substance of defendant's requested instruction number ten was given by agreement in the court's instruction number one:

"COURT INSTRUCTION NO. 1

"I specifically instruct you that your verdict in this case, as in any criminal case, must be a unanimous verdict of twelve men and each and every one of you must be convinced in his own mind that the defendant is guilty beyond all reasonable doubt before you can convict him."

Assuming without deciding that the instruction covering the subject matter of defendant's requested instruction number ten having been given by agreement precludes any objection thereto on review, the subject matter nevertheless is stated in parallel terms in the defendant's requested instruction and in the instruction given. The major variance consists in the length of the defendant's instruction, the greater portion of which is devoted to illustrations of the applicable rule. Clarification by illustration is unwarranted and unnecessary where its sole purpose and effect is amplification of the principle of law recited.

Assignment of error number nine is directed to the court's refusal to give defendant's requested instruction number thirteen:

"DEFENDANT'S INSTRUCTION NO. 13

"There has been admitted in evidence for your consideration certain statements, confessions, or admissions

alleged to have been made by the defendant. It is wholly for you to determine how much weight or credit you will give these statements."

The requested instruction admonishes the jury: "It is wholly for you to determine how much weight or credit you will give these statements." The principle of law, that all questions of fact shall be decided by the jury as mandated by section 10122 of Revised Laws of Hawaii 1945, is covered in other instructions given:

"TERRITORY'S INSTRUCTION NO. 1

"You are the exclusive judges of the facts in this case and the credibility of the witnesses but the law you must take from the court as given you in these instructions to be the law notwithstanding any opinion you might have as to what the law is or should be."

This instruction was given by agreement.

"TERRITORY'S INSTRUCTION NO. 7

"The court further instructs you, Gentlemen of the Jury, that you are the exclusive judges of the credibility of the witnesses, of the weight of the evidence, and of the facts in this case. It is your exclusive right to determine from the appearance of the witnesses on the witness stand, their manner of testifying, their apparent candor or frankness or lack thereof, which witness or witnesses are more worthy of credit, and to give weight accordingly. In determining the weight to be given the testimony of the witnesses you are authorized to consider their relationship to the parties, if any, their interest, if any, in the result of the case, their temper, feeling or bias, if any has been shown, their demeanor on the witness stand, their means and opportunity of information, and the probability or improbability of the story told by them."

Specifically, upon the subject of confessions, the jury was instructed:

"TERRITORY'S INSTRUCTION NO. 11

"You are instructed that a confession which was in fact voluntarily made by the defendant and is shown to your satisfaction and beyond all reasonable doubt to have been so made, may be received in evidence even though prior to the making of the confession the defendant was not warned that it might be used against him in court."

Supplementing the instructions above quoted, that all questions of fact are for determination by the jury, the subject of the confession is satisfactorily covered by the instruction given upon the jury's duty in weighing and attaching credibility to the confession.

Assignment of error number ten is directed to the court's refusal to give defendant's requested instruction number fourteen:

"DEFENDANT'S INSTRUCTION NO. 14

"I charge you, gentlemen of the jury, that all extra-judicial confessions of guilt should be received with great caution; for it is a well established fact that prisoners, oppressed by the calamity of their situation, or influenced by motives of hope or fear, are sometimes induced to confess themselves guilty of crimes of which they are innocent."

The appellant urges error in the refusal of this instruction upon the authority of *The King* v. *Marks and Butler,* 1 Hawaii 81, in which case upon trial, codefendant Butler's confession was admitted in evidence. During the course of the trial Butler denied the truth of the confession. The court, in those circumstances and upon the unqualified repudiation and renunciation of the confession, properly instructed the jury "that all extra-judicial confessions of guilt should be received with great caution."

The record before us discloses no similarity of events or circumstances warranting the giving of the instruction in question. The defendant was taken into police custody at approximately 5:00 o'clock a.m. and at 8:25 o'clock a.m.

a preliminary interview or statement was taken. This preliminary statement was not reduced to writing. At approximately 10:15 o'clock a.m. a second statement was taken, which was later reduced to writing. Both statements were introduced at the trial, the written statement being received in evidence as an exhibit on behalf of the Territory, and the subject matter of the preliminary statement was testified to by one of the police officers who interviewed the defendant. A discrepancy exists between the preliminary statement as testified to and the written confession (Prosecution's Exhibit No. 2). The defendant expressly denied in the preliminary statement that he had taken any indecent liberties with the victim. The written statement contains unequivocal admissions of guilt of the offense charged. The defendant did not testify upon trial. These facts would render the principle of law established in the case of *The King* v. *Marks and Butler, supra,* inapplicable. The record bears no denial by the defendant of the truth of the written confession nor any repudiation thereof upon trial. In addition thereto, and as appears elsewhere herein, the jury was sufficiently and correctly instructed regarding the weight and credibility attachable to both of the statements. Other instructions further and amply protected the defendant in respect of the prejudicial error urged in refusing defendant's requested instruction number fourteen, *viz.:*

"DEFENDANT'S INSTRUCTION NO. 11

"I further instruct you, that it is in nowise incumbent upon the defendant to explain away the evidence offered by any of the witnesses on behalf of the government.

"If from the evidence before you, you cannot say that the defendant is guilty beyond all reasonable doubt, you must find the defendant not guilty even though he has not produced any evidence to explain why he has been accused of the crime described in the indictment."

"DEFENDANT'S INSTRUCTION NO. 12

"The defendant in a criminal case need not take the witness stand or offer any evidence in his behalf. Nor can you take into consideration in arriving at your verdict any reason or motive which may have actuated him in not offering a defense on his own behalf."

Dispositive of assigned errors numbered three to ten, inclusive, is *Ter.* v. *Honda,* 31 Hawaii 913, wherein this court said: "Under these circumstances we think it was unnecessary to the protection of the defendant's rights for the court to reiterate what in substance it had already said. The purpose of instructions is to inform the jury of the legal principles which, in reaching a verdict, it should apply to the evidence. Mere repetition of these principles serves no useful purpose and it is not required."

The judgment is affirmed.

*O. P. Soares* (also on the briefs) for plaintiff in error.

*A. R. Hawkins,* Assistant Public Prosecutor (*C. M. Hite,* Public Prosecutor, and *M. Chan,* Assistant Public Prosecutor, on the brief), for defendant in error.