ALA MOANA BOAT OWNERS' ASSOCIATION,
AN HAWAIIAN, UNINCORPORATED, NON-PROFIT
CORPORATION *v.* STATE OF HAWAII, AND
FUJIO MATSUDA, DIRECTOR, DEPARTMENT
OF TRANSPORTATION, STATE OF HAWAII.

No. 4559.

NOVEMBER 7, 1967.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Appellant filed an action against the appellee, the State of Hawaii, and its Director of Transportation, for a declaratory judgment on the validity of proposed Small Boat Harbors Regulations adopted on September 4, 1964, and which became effective on October 2, 1964.

On May 26, 27, 28 and June 2, 1964, appellee held public hearings concerning proposed Small Boat Harbors Regulations. On August 17, 1964, appellant received from appellee a hand corrected draft of further amended proposed Small Boat Harbors Regulations, and on September 4, 1964, appellee adopted revised proposed regulations without calling further public hearings.

Plaintiff appeals from the judgment holding that the regulations are valid.

Appellant's opening brief fails to comply with the provision of Rule 3 (b) (5) which requires that an opening brief contain,

> "A concise argument of the case (preceded by a summary), exhibiting a clear statement of the points of law and facts to be discussed, with a reference to the pages of the record and the authorities relied upon in support of each point. When a treaty, statute, ordinance, regulation or rule is cited, so much thereof as may be deemed necessary for the decision of the case shall be set out at length or adequately summarized. If the matter so to be quoted or summarized, or if matter quoted from opinions, is long, it may be set out in an appendix. The appendix may also include such parts of the record or a summary thereof material to the questions presented as the appellant desires to have considered."

The appellant alleges that the lower court erred in finding that revisions made to its proposed draft of its rules and regulations were not substantial. So far as argument is concerned, appellant merely says, "refer to Appendix 'A'." Appendix "A" sets out in a comparative fashion provisions of the proposed draft and concomitant provisions of the adopted version with portions of the latter underscored, and purportedly indicating changes that have been made. There is no further argument or reason set out in the opening brief indicating more particularly why such changes should be considered substantial.

Appellant has used the appendix of its opening brief for purpose of argument. Rule 3 (b) (5) indicates the specific use to which appendices to briefs are permitted, and precludes their use, as here, purely for purposes of argument.

Rule 3 (b) (5) requires more than the showing of underscored exhibits. It requires specific arguments which demonstrate to this court, why a particular viewpoint should be adopted. Anything less can only be an imposition upon the court. Throughout its entire argument, the appellant has cast the burden on this court to ascertain the grounds of its objection to the trial court's findings of facts and conclusions of law. "Counsel have no right to cast the burden on the court of searching through a voluminous record to find the ground of his objection and where the errors complained of are not squarely presented by the bill of exceptions, as in this exception, we shall follow the practice of this court and refuse to consider them." *Mist* v. *Kapiolani Estate*, 13 Haw. 523, 526.

The requirement in Rule 3 (b) (5) that a brief must contain, "the authorities relied upon in support of each point," is, as with all other requirements of Rule 3 (b) , prefaced by the words, "shall contain."

Close scrutiny of the appellant's opening brief reveals only generalities and assertions amounting to mere conclusions of law. Where arguments in a brief are unsupported by citations of authorities, this court will not ordinarily search out authorities, and will assume that counsel, after diligent search, had been unable to find any supporting authority. *Malstrom* v. *Kalland*, 62 Wash. 2d 732, 384 P.2d 613 (1963) ; *DeHeer* v. *Seattle Post-Intelligencer*, 60 Wash. 2d 122, 372 P.2d 193 (1962) ; *Lindsay* v. *Keimig*, 184 Kan. 89, 334 P.2d 326 (1959) ; *see also* 5 Am. Jur. 2d, *Appeal and Error*, § 700.

Appellant has the burden of sustaining his allegations of error against the presumption of correctness and regularity that attend the decision of the lower court. "* * * the burden of showing error is on the plaintiffs in error. We necessarily approach a case with the assumption that no error has been committed upon the trial and until this assumption has been overcome by a positive showing the prevailing party is entitled to an affirmance." *Territory* v. *Kobayashi*, 25 Haw. 762, 766; *Kaehu* v. *Namealoha*, 20 Haw. 350; *Kalamakee* v. *Wharton*, 19 Haw. 472; *Pioneer Mill*

*Co.* v. *Hart,* 18 Haw. 674; *Keliiilihune* v. *Vierra,* 13 Haw. 28; *see also* 5 Am. Jur. 2d, *Appeal and Error,* § 704.

Appellant has not answered appellee's contentions as to the deficiencies of its opening brief, and has failed to file a reply brief.

We are of the opinion that appellant's failure to observe the requirements of the rules of this court in its opening brief merits dismissal of the appeal. See *State* v. *Pokini,* 45 Haw. 295, 367 P.2d 499 (1961); *Aiau* v. *Aiau,* 39 Haw. 122 (1951) ; and *Territory* v. *Meyer,* 37 Haw. 102 (1945), affirmed 164 F.2d 845. As stated in *Territory* v. *Meyer, supra*:

> "Furthermore, the appellant, not having properly briefed the motley array of questions stated and advanced, cannot with reason expect the appellate court to make a painstaking survey of them in order to cull unimportant questions and determine the crucial ones, nor has he the right to cast upon it his burden of studying the record and authorities to essay the essential to the maintenance of the appeal and its efficient prosecution." *Territory* v. *Meyer, supra,* at 105.

Nevertheless, since this appeal involves an important question relating to Hawaii Administrative Procedures Act, Chapter 6C, R.L.H. 1955, Supp. 1965, we will consider appellant's main contention that the Small Boat Harbors Regulations as finally adopted is invalid because the "proposed draft" submitted at the public hearings had been substantially revised after such hearings. Appellant has not argued the point and has primarily relied on a tabulation of the changes in the appendix.

After a careful examination of the statute[1] we are of the

---

[1] R.L.H. 1955, Supp. 1965, § 6C-3:

"Procedure for adoption, amendment or repeal of rules. Prior to the adoption of any rule authorized by law, or the amendment or repeal thereof, the adopting agency shall:

" (a) Give at least twenty days' notice for a public hearing. Such notice shall include a statement of the substance of the proposed rule, and of the date, time and place where interested persons may be heard thereof. The notice shall be mailed to all persons who have made a timely written request of the agency for advance notice of its rule-making proceedings, and published at least once in a newspaper of general circulation in the State for state agencies and in the county for county agencies.

opinion that it contemplates and authorizes changes in a rule between the original proposal as presented at the public hearing and as finally adopted. To require another hearing whenever there is any revision of the text of an original proposal after full hearing, is too formidable a burden on the rule-making process. However, to permit the original proposal to be completely ignored and adopt another proposal which was not advocated or discussed at the public hearing may destroy the statutory requirement for a public hearing. *See Ohio State Federation of Licensed Nursing Homes* v. *Public Health Council,* 113 Ohio App. 113, 172 N.E.2d 729.

In order to determine accurately whether there is a substantial change from the proposed rule to that which has been finally adopted, there must be a complete record of what was presented to the agency prior to the adoption of the final rule. Section 6C-3 (b), R.L.H. 1955, Supp. 1965, requires that the agency:

"(b) Afford all interested persons opportunity to submit data, views, or arguments, orally or in writing. The agency shall fully consider all written and oral submissions respecting the proposed rule. * * *."

The record before us does not contain all the "data, views, or arguments" that were submitted to the defendants prior to the final adoption of the rules. Without such information, it would

---

"(b) Afford all interested persons opportunity to submit data, views, or arguments, orally or in writing. The agency shall fully consider all written and oral submissions respecting the proposed rule. The agency may make its decision at the public hearing or announce then the date as to when it intends to make its decision. Upon adoption, amendment, or repeal of a rule, the agency shall, if requested to do so by an interested person, issue a concise statement of the principal reasons for and against its determination.

"(c) Notwithstanding the foregoing, if an agency finds that an imminent peril to the public health, safety, or morals requires adoption, amendment, or repeal of a rule upon less than twenty days' notice of hearing, and states in writing its reasons for such finding, it may proceed without prior notice or hearing or upon such abbreviated notice and hearing as it finds practicable to adopt an emergency rule to be effective for a period of not longer than one hundred twenty days without renewal.

"(d) The adoption, amendment or repeal of any rule by any state agency shall be subject to the approval of the governor. The adoption, amendment or repeal of any rule by any county agency shall be subject to the approval of the chairman of the board of supervisors or the mayor of the county. The provisions of this subsection shall not apply to the adoption, amendment and repeal of the rules and regulations of the county boards of water supply."

be impossible to determine whether there has been a substantial deviation from the proposed rule inasmuch as the adopted rule may on occasion be similar to a rule proposed by an interested individual or organization yet different from the director's proposed rule.

The evidence before this court is insufficient to disturb the finding of the trial judge that the revisions were not substantial enough to necessitate further public hearings under § 6C-3 (b), R.L.H. 1955, Supp. 1965.

Judgment affirmed.

*Ralph E. Corey (Clark, Corey, Robinson, Ryan & Ryan* of counsel) for plaintiff-appellant.

*Andrew S. Ono,* Deputy Attorney General *(Bert T. Kobayashi,* Attorney General, with him on the brief) for defendants-appellees.