HANA RANCH, INC., Plaintiff-Appellee, *v.* KALAUAO KAHOLO, et al., Defendants-Appellants

NO. 7295

AUGUST 3, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY HAYASHI, C.J.

This is an appeal from the trial court's finding after a bench trial, that Plaintiff-Appellee Hana Ranch had acquired record title to a parcel of land situated at Kawaipapa, Hana, Maui, Hawaii. The court also found that Hana Ranch had acquired title to the parcel by adverse possession.

In this appeal we must determine (1) whether the court's findings are supported by the evidence and (2) whether the appellants' counsel's contention at oral argument that the court erred in refusing them leave to obtain a handwriting expert to authenticate the signature of one of the grantors on a deed conveying property to Hana Ranch raised an issue that was properly preserved for appeal. We affirm the decision of the trial court.

Hana Ranch brought this action to establish and quiet title to the parcel of land at issue. The original grant was made in 1878 by the government of Hawaii to "C Kakani Ma," or as translated, "C. Kakani and Associates." C. Kakani and Associates comprised of 28 persons, each entitled to 1/28 share in the approximately 183-acre parcel. Defendants-Appellants Leonard Francis Lum and Sarah Kalikoolani Lum claim title under one of the original patentees

named Poua.[1] Appellants' claim title to the Poua share by way of a deed dated October 5, 1960, made by one Imi William Koa Kekua, also known as William Imi Koa and William I. Koa, who is the grandfather of Appellant Sarah Lum. Hana Ranch claims title via its acquisition of a deed from Imi W. Koa dated January 18, 1932 to Kaeluku Sugar Company, Ltd., Hana Ranch's predecessor. Koa had acquired ⅓ of Puoa's share by inheritance. Appellants' position at trial was that the deed from Koa to Kaeleku Sugar Company, Ltd., is a forgery and a fraud. However, the trial court refused to permit Appellant Sarah Lum to testify that the signature on the Koa/Kaeluku Sugar Company, Ltd., deed was not her grandfather's signature.[2] The court denied appellants' request to recess while counsel for the appellants obtained a handwriting expert. At the close of the evidence, the court requested counsel to prepare proposed findings of fact and conclusions of law. Hana Ranch submitted proposed findings; appellant did not. The court adopted the findings of fact and conclusions of law submitted by Hana Ranch and found the following:

. . . .

10. There are two disputed material issues of fact between Hana Ranch and the Lums: (1) Whether "Imi William Koa Kekua," who was also known as William Imi Koa, and as William I. Koa, was the same person as "Imi W. Koa"? and (2) Whether the Koa/Kaeleku Sugar deed is an invalid forgery? Whether Patentee Poua had three heirs, each of whom inherited a ⅓d [sic] interest in his share, or a single heir, Imi William Koa Kekua, is not a material fact.

11. The Court finds that "Imi William Koa Kekua" and "Imi W. Koa" were different names used by the same person. The Court finds that the Koa/Kaeleku Sugar deed is a valid deed, and that Imi W. Koa conveyed his interest in the Property under that deed. The court finds that Hana Ranch holds record title to the undivided interest in the Property that constitutes the Poua Share in the Property.

. . . .

---

[1] In this action, only the Lums have appealed.

[2] In his pretrial statement, counsel for appellants stated that he intended to call Sarah Lum and Julia Wailehua to prove forgery and fraud.

The court in its conclusions of law stated:

. . . .

2. Hana Ranch had for more than twenty years prior to the filing of the complaint been in the actual, open, notorious, continuous and exclusive possession of the Property, under color of title, against the world.

3. Hana Ranch has established title to the Property by adverse possession.

. . . .

Appellants' motion for new trial was denied and this appeal followed.

Rule 52(a) of the Hawaii Rules of Civil Procedure (HRCP) governs our review of the court's findings in this case and provides in pertinent part,

(a) *Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, . . . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

*Haiku Plantations Association v. Lono,* 1 Haw. App. 263, 618 P.2d 312 (1980); *Wick Realty Inc. v. Napili Sands Maui Corp.,* 1 Haw. App. 448, 620 P.2d 750 (1980); *Michely v. Anthony,* 2 Haw. App. 193, 628 P.2d 1031 (1981).

Appellants' brief argues that the court's finding that Hana Ranch had acquired title to the parcel by adverse possession and record title was in error but fails to specify which, if any, of the court's findings are "clearly erroneous" so as to warrant reversal. Appellants simply argue that evidence presented proved they had record title to the property. However, we have carefully reviewed the record and in accordance with HRCP Rule 52(a), see no reason to disturb the court's finding that Hana Ranch had record title to the property, as we are not "driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding." *Low v. Honolulu Rapid Transit,* 50 Haw. 582, 445 P.2d 372 (1968); *American Security Bank v. Read Realty, Inc.,* 1 Haw. App. 161, 616 P.2d 237 (1980). Because we are affirming that portion of the court's findings

that Hana Ranch had acquired record title to the property, it is not necessary to address the question of whether there is substantial evidence to support the court's findings that Hana Ranch had concurrently acquired title by adverse possession.

At oral argument counsel for the appellants for the first time contended that the court's refusal to permit his witness to testify that the signature of her grandfather is a forgery, its subsequent refusal to permit him leave to obtain a handwriting expert, and denying his motion for new trial were reversible errors. While his contentions are perhaps meritorious,[3] they are not issues that were raised in the briefs and are consequently issues we need not address.

The record reveals that at trial, counsel questioned Appellant Sarah Lum as to whether the signature on the Koa/Kaeluku Sugar deed was that of her grandfather. Counsel for appellee objected, and the court sustained the objection. Apparently surprised by the court's ruling, counsel for appellants then sought a recess to obtain a handwriting expert which the court denied, stating:

> Well, I suggest this, Mr. Corey: After we get the conclusions of law — findings of fact and conclusions of law and the judgment, then if you feel it is necessary you make a motion for a new trial on that portion of the case.

After the findings of fact and conclusions of law and judgment had been entered, counsel for the appellants filed "motions for new trial; to open judgment; to take additional testimonies; to amend findings of fact and conclusions of law; to strike Ikeda survey and to order new survey; and to direct entry of new judgment." The court denied the motions. Appellants appealed from the judgment entered and from the denial of the motions, but at no point in his briefs did counsel for the appellants raise as a specification of error, the court's refusal to admit the handwriting testimony or the denial of the motion for new trial. In our view, this is a flagrant violation of Rule 3(b)(5) of the Rules of the Supreme Court of the State of Hawaii (RSCH) which clearly states that the opening brief must contain:

> A concise statement of the points on which appellant intends to rely, set forth in separate, numbered paragraphs. Each point shall refer to the alleged error upon which appellant intends to

---

[3] *See* Hawaii Rules of Evidence Rule 901(b)(2); 29 AM. JUR. 2d *Evidence* § 806, p. 895 (1967).

rely and shall show the manner in which it is raised, with a reference to the record where the same may be found. When the point involves the admission or rejection of evidence, there shall be included a quotation of the grounds urged at the trial for the objection, and the full substance of the evidence admitted or rejected.

Where an appellant's brief fails to set forth the manner in which the alleged error was raised in trial court, this court need not reach the issue presented. RSCH Rule 3(f); *Alamida v. Wilson,* 53 Haw. 398, 495 P.2d 585 (1972); *Ala Moana Boat Owners v. State,* 50 Haw. 156, 434 P.2d 516 (1967).

In *Ala Moana Boat Owners v. State, supra,* the supreme court severely castigated appellant's counsel for his failure to abide by Rule 3(b)(5) in his opening brief, in the misuse of appendices, the failure to cite authorities relied upon, and lack of specificity. Citing *Territory v. Meyer,* 37 Haw. 102 (1945), the court stated:

[T]he appellant, not having properly briefed the motley array of questions stated and advanced, cannot with reason expect the appellate court to make a painstaking survey of them in order to cull unimportant questions and determine the crucial ones, nor has he the right to cast upon it his burden of studying the record and authorities to essay the essential to the maintenance of the appeal and its efficient prosecution.

37 Haw. at 105.

Counsel for the appellants in *Ala Moana Boat Owners v. State, supra,* is counsel for the appellants in this case, having again violated the rule for which the supreme court has previously taken him to task. Accordingly, we decline to address this question which was raised for the first time at oral argument, in violation of the rules of this court.

Judgment is affirmed.

*William F. Crockett* for plaintiff-appellee.

*Ralph E. Corey* for defendants-appellants (Lums).