**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000194
28-JUL-2025
08:07 AM
Dkt. 116 SO**

NO. CAAP-24-0000194

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

A.K., Petitioner-Appellee, v.
D.G., Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2UJ201000003)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

D.G. (**Father**) appeals from the April 8, 2024 *Judgment re: Permanent Custody, Timesharing Schedule, and Parent Coordinator* entered by the Family Court of the Second Circuit.[1] Father challenges the February 23, 2024 *Findings of Facts; Conclusions of Laws* [sic]*; and Orders Following the Parties' Evidentiary Hearings & Trial*. We affirm.

Father and A.K. (**Mother**) are the parents of **Child**, born in 2016. They lived in Colorado. During April 2019 they signed a *Stipulated **Parenting Plan***. The Parenting Plan was approved by, and filed in, the District Court, Jefferson County, Colorado, on April 17, 2019. The Colorado court also entered a *Support Order* on July 11, 2019.

---

[1] The Honorable Adrianne N. Heely presided.

On March 5, 2020, Mother filed a *Registration and Filing of Foreign Child-Custody Determination* in the family court.  The Parenting Plan and Support Order were attached.  On June 15, 2020, Mother filed a *Motion and Affidavit for Post-Decree Relief*.  On August 26, 2020, Father filed *Father's Motion for Post-Decree Relief*.

Trial was held on October 20, 24, 25, 27, 30, and 31, and November 1 and 24, 2023.  The Family Court entered findings of fact, conclusions of law, and an order on February 23, 2024.  Father filed his notice of appeal on March 22, 2024.  The Family Court entered the Judgment on April 8, 2024.[2]

Father states five points of error: (1) "The lower court abused its discretion when [sic] permitted Father to proceed to trial via hybrid representation where the facts show Father was represented at trial by attorneys from two separate law firms"; (2) "It was legal malpractice or ineffective assistance of counsel on the part of Father's counsel to allow Father to serve as co-counsel at trial, because but for counsel's decision to agree to hybrid representation, Father would have received a fair trial"; (3) "It was plain error for the lower court to allow Father to practice law without a license and to serve as co-counsel where the facts show Father was represented by two counsel from two different firms at this trial"; (4) "The lower court abused its discretion when it issued its FOF/COL because the FOF/COL issued in this case are unsupported by the evidentiary record"; and (5) "The lower court abused its discretion when [sic] substituted its own opinion and conclusions in place of the opinions and conclusion of the majority of subject matter experts who testified in this case."[3]

_____

[2]     See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2).

[3]     Father's statement of the points of error does not comply with HRAP Rule 28(b)(4).  The argument section of Father's opening brief does not follow his points of error.  We have attempted to connect the arguments to the points of error; points not argued are deemed waived.  HRAP Rule 28(b)(7).  Argument that does not correspond to a point of error is disregarded.  HRAP

(continued...)

**(1)** Father's counsel filed a *Notice of Limited Scope Representation of Father* consistent with Hawaiʻi Family Court Rules (**HFCR**) Rule 11.1(a). Father's signed consent was attached. The Family Court approved the limited representation. Father now contends the Family Court abused its discretion and should not have approved his request to represent himself.

Limited representation for "appearances in court" is allowed by HFCR Rule 11.1(a). Family court approval is not required. The Family Court did not abuse its discretion by allowing Father and his counsel to do what is permitted by HFCR Rule 11.1(a).

**(2)** Father contends his counsel was ineffective because they should not have allowed him to represent himself. Father cites no authority allowing an ineffective assistance of counsel claim in a child custody case — especially where a party retained their own attorney — and we find none. See J.F. v. J.F., No. CAAP-12-0000793, 2014 WL 4167013, at *2 (Haw. App. Aug. 22, 2014), abrogated on other grounds by Waldecker v. O'Scanlon, 137 Hawaiʻi 460, 375 P.3d 239 (2016). We decline to recognize one here.

**(3)** Father contends the Family Court plainly erred by allowing him to practice law without a license. It did not. Hawaii Revised Statutes (**HRS**) § 605-2 (2016) allows persons to appear in court and defend their own cause. See Grube v. Trader, 142 Hawaiʻi 412, 428, 420 P.3d 343, 359 (2018) (noting that "the right of self-representation exists in both criminal and civil proceedings"). We decline to recognize plain error.

**(4)** Father challenges the Family Court's findings of fact and conclusions of law. His statement of the points of error does not include a "quotation of the finding or conclusion urged as error or reference to appended findings and conclusions"

---

[3](...continued)
Rule 28(b)(4).

as required by HRAP Rule 28(b)(4)(C).[4]  He makes the conclusory argument that "all of these findings of fact and conclusions of law are not supported by the lower court record."  He cites to the opening brief's Appendix, which we struck because it contained argument, which is not permitted under HRAP Rule 28(b).  Cf. <u>Ala Moana Boat Owners' Ass'n v. State</u>, 50 Haw. 156, 157, 434 P.2d 516, 518 (1967) (stating that former appellate rule "indicates the specific use to which appendices to briefs are permitted, and precludes their use, as here, purely for purposes of argument").

Father argues about the credibility of witnesses and the weight of the evidence.  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact."  <u>Fisher v. Fisher</u>, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006).

**(5)**  Father contends the Family Court "ignored the opinion of experts who testified in this case, substituting in place of those opinions the court's own opinions regarding matters for which the court is not an expert[.]"  The Family Court's findings and conclusions show it considered the opinions expressed by the expert witnesses — Julia Hengst (psychotherapy & marriage therapy), Nicole Nakamura (mental health counseling), Marcy Willard (autism and children's special needs), Dr. Lori Love, Dr. Marvin Acklin, Dr. Kate Colon, Dr. Jeremiah Jensen, and Dr. David Martindale, as well as Father's and Mother's testimony.  The court assessed the credibility of, and weighed the evidence presented by, all witnesses.  Its conclusions applied the evidence to each of the HRS § 571-46(b) (2018) best-interest-of-the-child factors.  Father's point of error is not supported by the record.

---

[4]     The appendix to the opening brief does not contain a copy of the Family Court's February 23, 2024 findings of fact and conclusions of law.

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

The Family Court's April 8, 2024 *Judgment re: Permanent Custody, Timesharing Schedule, and Parent Coordinator* is affirmed.

DATED: Honolulu, Hawaiʻi, July 28, 2025.

On the briefs:

Barry L. Sooalo,
for Respondent-
Appellant D.G.

Mateo Caballero,
for Petitioner-
Appellee A.K.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge